## THE PEOPLE *v.* SEARS.

COURTS have the right to make a rule, in criminal cases, that written instructions must be handed to the Court before the argument of the case commences.

*Query:* whether a judgment of conviction will be reversed in any case because such a rule was enforced.

Where injustice would be done a defendant by refusing to consider instructions because not offered before the argument—as where such instructions may be necessary in consequence of the propositions or argument of the District Attorney—the Court should either give the instructions asked by defendant, or so explain its own as to put the law correctly before the jury.

In this case, the instructions asked are not correct, and hence defendant cannot assign the refusal to give them as error, the reason for refusing them being immaterial.

APPEAL from the Court of Sessions of Sacramento.

Indictment for assault with intent to commit murder upon one Martenot, by shooting at him with a pistol.

After the argument of the case had closed, and the Court had charged the jury, defendant asked the following instructions, to wit:

1. "If the jury believe from the evidence that the defendant had a reasonable ground to believe, from the nature of the attack, that Martenot, the party injured, had a design to take his life, or commit a felony upon his person, he was justifiable in shooting, although it afterwards appeared that no felony was intended.

2. "If the jury believe from the evidence that the defendant fired his pistol under the impression that great bodily injury was about to be immediately inflicted upon him, the shooting was no crime, but self defense."

These instructions were refused, " for the reason that the rule of the Court required written instructions to be handed to the Court before the argument of the case commenced."

Defendant was convicted of an assault with a deadly weapon with intent to inflict bodily injury.   He appeals.

*James W. Coffroth* and *J. C. Goods,* for Appellant, cited Wood's Dig. 297–8, sec. 362; Id. 333, sec. 30; *People* v. *Hurley,* 8 Cal. 392.

*Thos. H. Williams, Attorney General,* for Respondent, cited 6 Cal. 636 ; 8 Id. 392.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Judgment affirmed. The Court had a right to make the rule, for its own government and that of counsel ; and we see nothing in this case to show any such unjust and injurious operation of it as to induce us to interfere, if we could do so in any case, to reverse a judgment because it had been enforced in a particular instance.

It is true that injustice may be done a defendant in some cases by refusing to consider instructions because not offered before the argument, since such instructions may be necessary in consequence of the propositions or argument of the prosecuting attorney. In such cases, the Court should either give the instructions of defendant, or make such explanations of its own as would put the law correctly before the jury.

A conclusive answer is, that the instructions are not correct. It is immaterial whether the reason for refusing the instructions be good or not, as we do not try the sufficiency of the arguments of the Judge, but only the soundness of his conclusions.