[Crim. No. 469.   Third Appellate District.—July 22, 1919.]

# THE PEOPLE, Respondent, v. MICHAEL PARASKE-VOPOLIS, Appellant.

[1] CRIMINAL LAW—DETERMINATION OF DEGREE OF CRIME—CODE PROVISION MANDATORY.—The requirement of section 1192 of the Penal Code that "upon a plea of guilty of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree," is mandatory.

[2] ID.—PLEA OF GUILTY—DETERMINATION OF DEGREE ESSENTIAL.—It is essential in every case where the crime charged is divided into degrees, and a plea of guilty has been interposed to such charge by the accused, that the court, as a prerequisite to the pronouncement of judgment of sentence, should first determine the degree, and in the absence of such determination any attempted sentence is illegal and invalid.

[3] ID. — DEGREE OF CRIME — QUESTION OF FACT. — While, where the facts and circumstances justify it, an indictment or an information may charge manslaughter only, it must, when charging murder, do so without any specification of the degree thereof. The degree of the crime, whatever it may be, is necessarily included within the mere charge of murder, and it is a question of fact for the jury, where the case is tried, to find upon and determine the degree, and necessarily for the court to do likewise where a plea of guilty is entered by the accused.

[4] ID.—PLEA OF ACCUSED—EVIDENCE OF DEGREE—WAIVER OF RIGHT TO DETERMINATION.—While a voluntary statement or plea by the accused will constitute a sufficient evidentiary predicate for the determination by the court of the question of degree, the making of a statement or plea by the accused that he is guilty in a particular degree does not constitute a waiver of the right to have the degree determined by the court.

[5] ID.—MURDER—DUTY OF COURT TO TAKE EVIDENCE.—In cases of murder the proper course to pursue, where an accused has pleaded guilty to a charge of murder, is to take evidence upon the question of the degree of said crime of which he is guilty, not only for the purpose of determining the degree, but also, where on such plea it is found that the murder is of the first degree, for

1. Statutory division of murder into degrees, note, 18 **Am. Dec.** 774.

3. Effect of statutory declaration as to murder in first degree upon right of jury to pass upon the degree, notes, 12 **L. R. A. (N. S.)** 935; **L. R. A.** 1916D, 610.

the purpose of a sound and just exercise of the power of determining whether the punishment shall be death or only life imprisonment.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge. Reversed.

The facts are stated in the opinion of the court.

A. W. Brouillet for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant, on the thirty-first day of October, 1917, in the superior court of Napa County, entered a plea of guilty to an indictment charging him with the crime of murder, and was thereupon sentenced to imprisonment in the state prison at San Quentin for the term of his natural life. On the twenty-first day of October, 1918, the defendant, through his attorney, made a motion to set aside the purported judgment of sentence on the ground, among others, that the trial court, before the pronouncement of sentence, failed to take evidence upon and find and determine the degree of murder of which the defendant was guilty. The motion was denied and the appeal here is from the order denying said motion.

The record here shows that the defendant, upon his original arraignment under the indictment, pleaded not guilty thereto, but that subsequently he asked and was granted permission to withdraw said plea and thereupon entered a plea of guilty to the charge. The minutes of the trial court show that the defendant entered a plea of guilty of murder of the "first degree" and that thereupon "the clerk was directed to enter the plea of guilty of murder of the first degree." The court then postponed the time for the passing of sentence until the hour of 2 P. M. of the said thirty-first day of October, and at that hour pronounced judgment of sentence as above shown without previously determining of which of the two degrees of the crime of murder the defendant was guilty.

As above indicated, the motion was based upon several different and distinct grounds. Among these, in addition to the one above particularly referred to, were the fol-

lowing: That the defendant, being a foreigner, was ignorant of the consequences of his act in changing his plea to the indictment and that he was induced to take that course through the erroneous advice of counsel then representing him; that, before receiving his plea of guilty, and before pronouncing sentence, the court did not inform the accused of his rights, as required by the statute; that the court, having pronounced judgment of sentence on the same day on which the plea of guilty was entered, did so in violation of section 1191 of the Penal Code, which provides, *inter alia,* that after a plea or verdict of guilty, etc., the court must appoint a time for pronouncing judgment, "which must not be less than two nor more than five days after the verdict or plea of guilty," etc. Some points are also made as to the proceedings upon the motion which is now before us on the appeal from the order denying the same. With these, however, we shall not concern ourselves, nor will we attempt a review of the action of the court in denying the motion to set aside the judgment on the ground that the accused entered his plea of guilty under a misapprehension or in ignorance of the scope or effect of such plea or of his rights; for the decision of the court upon that proposition is conclusive upon us, notwithstanding that there was no counter-showing made by the people to the showing made by the defendant in the form of an affidavit in support of those grounds of the motion. It is made to appear that the judge who received the plea of the accused and upon said plea purported to sentence him to the penitentiary presided at the hearing of the proceeding involved in this appeal, and we think there can be no doubt that, under such circumstances, it was within the legitimate province of the court, as most likely it did, in determining whether the defendant had pleaded guilty under a misapprehension as to his rights, to consider all the facts properly attending the act of the defendant in pleading guilty and the act of the court in sentencing him. We have, however, reached the conclusion that the judgment of sentence was invalid for reasons hereinafter to be stated, and that it will, therefore, be necessary to rearraign the accused for sentence upon his plea of guilty. We shall assume that, upon rearraignment for sentence, the court below will observe all the statutory requirements as to the matter of the pronouncement of judgment in criminal cases.

[1]  The single question, then, with which we shall here concern ourselves is whether the court below, before pronouncing judgment of sentence upon the accused, observed the requirements of section 1192 of the Penal Code.  Said section reads as follows: "Upon a plea of guilty of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree."

It is to be noted that the language of the foregoing section is upon its face peremptory, and we doubt not that the legislature so intended it.  Indeed, the section has been so construed by the supreme court.

In the case of *People* v. *Jefferson,* 52 Cal. 452, it was held that the language of the above section was mandatory and that where an accused pleads guilty to an indictment charging an offense which is divided into degrees the trial court, before passing sentence, must ascertain and determine the degree.

In *People* v. *Chew Lan Ong,* 141 Cal. 550, [99 Am. St. Rep. 88, 75 Pac. 186], it was also held that, in a case where a crime divided into degrees is charged and the defendant pleads guilty, the court must first determine the degree of the crime of which the accused is guilty before pronouncing judgment of sentence.  In that case the court further said that the proper way to proceed in such a case is to take evidence upon which the court may predicate its decision as to the question of the degree of the crime.

In the very recent case of *People* v. *Bellon,* 180 Cal. 706, [182 Pac. 420], the supreme court, through the chief justice, says: "Under our practice *it is essential to a proper pronouncement of judgment in the event of a plea of guilty of a crime distinguished or divided into degrees* [italics ours], such as murder or burglary, that the court first determine the degree," citing Penal Code, section 1192, and *People* v. *Jefferson, supra.*

It is not necessary to say anything further on the question in hand than what is said in the above cases.  As above stated, the language of the section is mandatory, and in the very nature of the circumstances should be, since the degree of the crime of which an accused is guilty in those cases where the crime charged is divided into degrees is essentially one of fact, to be found by the jury, of course, upon the evidence adduced before them, where there has been

no plea of guilty, and necessarily by the court where there is entered by the defendant such a plea.

We do not understand, though, that the proposition that section 1192 is mandatory is disputed. The position of the attorney general is, however, not that the plea of guilty by the defendant to murder *of the first degree* is equivalent to an adjudication or determination of the question as to the degree of the crime of which he is guilty, but that, as here, a plea by a defendant of guilty of murder *of the first degree* leaves nothing for the court to do but to accept that plea and act upon it as it would in any other case where a simple plea of guilty would necessarily embrace within its scope every essential element or fact involved in the crime. Or, the contention might be that, having pleaded guilty not only to the crime of murder, but also to the first degree thereof, the defendant thereby waived the right to have determined by the court, before passing sentence, of which of the two degrees of murder he was guilty.

[2] We are of the opinion, however, after a careful consideration of section 1192, that it is essential in any event, in every case where the crime charged is divided into degrees and a plea of guilty has been interposed to such charge by the accused, that the court, as a prerequisite to the pronouncement of judgment of sentence, should first determine the degree, and that in the absence of such determination in such a case any attempted sentence is illegal and invalid.

[3] An indictment or an information, under our system, in charging the crime of murder, must cover not only both degrees thereof but the crime of manslaughter as well. While, where the facts and circumstances justify it, an indictment or an information may charge manslaughter only, it must, when charging murder, do so without any specification of the degree thereof. The degree of the crime, whatever it may be, is necessarily included within the mere charge of murder, and it is a question of fact for the jury, where the case is tried, to find upon and determine the degree, and necessarily for the court to do likewise where a plea of guilty is entered by the accused. If the jury should return a verdict of guilty of murder without finding and specifying the degree thereof of which the defendant

was guilty, the court would be compelled to refuse to accept the verdict as being so incomplete as to make it impossible for it to pass a proper sentence, and the jury in such case would be required to return a complete or proper verdict. (*People* v. *Lee Yune Chong,* 94 Cal. 379, [29 Pac. 776].) So, where there is a plea of guilty in such a case, there must first be some foundation for the exercise by the court of its judgment as to the punishment which should be inflicted, the penalty for the two degrees of murder or of burglary (also divided into degrees) being different. The only legal way such foundation can be laid is, as section 1192 plainly and peremptorily points out, for the court to ascertain and determine the degree, and this can be done properly only by taking evidence addressed to that fact; and if in any case of a plea of guilty to a crime divided into degrees that has not been done—that is, that such determination has not been made in an appropriate legal way—then the judgment of sentence has not been legally pronounced.

[4] We are not, however, to be understood as holding that the voluntary admission by the defendant, whether in the form of a mere statement or in that of a plea to the charge, that he is guilty of a particular degree of a crime divided into degrees, will not constitute a sufficient evidentiary predicate for the determination by the court of the question of degree, notwithstanding that such statement may not be, or such plea is not, given under oath. To the contrary, we think a voluntary statement or plea by the accused would be sufficient to uphold the determination by the court of the degree. But, even in such case, there must nevertheless be a determination by the court of the degree. In brief, there must be such a determination regardless of the character or nature of the evidence by which the fact is ascertained.

[5] We may, with perfect propriety, add, by way of suggestion, that, in cases of murder, the proper course to pursue where an accused has pleaded guilty to a charge of murder is to take evidence upon the question of the degree of said crime of which he is guilty, and this should be done for a twofold reason, viz.: 1. To ascertain and determine the degree of the crime; 2. Where the accused pleads guilty to a charge of murder, for the just and proper exercise

by the court of its judgment or discretion as to whether the penalty shall be that of death or imprisonment for life. (Pen. Code, sec. 190.) Indeed, that section makes it the duty of the court (as it is the right of the jury to determine that question where there is a trial) to determine, in cases where the accused pleads guilty to the crime of murder, whether the penalty should be death or imprisonment for life. The vesting of that power in the jury or the court was undoubtedly intended to authorize the jury or the court, as the case may be, in any case of homicide committed under circumstances which, when measured according to the strict words of the law, make it murder of the first degree, or the taking of human life deliberately and with malice aforethought, to apply to a practical or substantial purpose any mollifying circumstances connected with the commission of the homicide which might be shown to exist and which would justify the infliction of a punishment less severe than that of the extreme penalty of death. The discretion vested in the jury or the judge in that particular by section 190 is not one to be arbitrarily exercised, but must be governed, as is true in all instances of vested judicial discretion, soundly and according to the circumstances of particular cases. Hence, as above suggested, it is necessary, in the case of a plea of guilty to murder, that the court should have before it evidence not only for the purpose of determining the degree, but also, where on such plea it is found that the murder is of the first degree, for the purpose of a sound and just exercise of the power of determining whether the punishment shall be death or only life imprisonment. (See *People* v. *Welch*, 49 Cal. 174, 178 et seq.)

But however that all may be or should be, it is manifest upon the record before us that the purported judgment of sentence in this case is not a legal judgment, and, while the motion from which the order here appealed from arises was for the "setting aside" of the "judgment of sentence," we think the record on this appeal is nevertheless such as to warrant us in reversing the said order because of the failure of the court to determine the degree. Accordingly, the order, so far as it involves the question as to the passing of sentence without a previous determination by the trial court of the degree of the crime to which the

accused pleaded guilty, is reversed, with direction to the court below to cause, by a proper proceeding and process, the defendant to be brought before it and, thereupon and upon the arraignment of the accused upon his plea of guilty heretofore entered and upon the said plea, to render and pronounce judgment of sentence in accordance with the views herein expressed.

Chipman, P. J., and Burnett, J., concurred.