[Crim. No. 1232. Third Appellate District.—October 4, 1932.]

In the Matter of the Application of LOUIS MORGAN HUSON for a Writ of Habeas Corpus.

Louis Morgan Huson, *in pro. per.,* for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THOMPSON (R. L.), J. — Upon petition for writ of *habeas corpus,* the petitioner contends he is entitled to his discharge from custody for the reason that the judgment of commitment is void for failure on the part of the court to determine the degree of his crime before pronouncing sentence.

The information which was filed against the defendant contained four counts. The second count charged him with an attempt to commit robbery. On June 6, 1928, the defendant appeared in court with his attorney and entered a plea of guilty of the offense charged in the second count. The other counts were thereupon dismissed. At that time the defendant waived time for pronouncing sentence, and the following proceedings occurred:

"The court: . . . You have heretofore been duly and legally arraigned; . . . You have entered a plea of guilty to count II and you have waived time for the pronouncement of judgment, and your counsel stated you have no just cause or legal reason to show why judgment should not be pronounced against you. Have you anything to say to the court . . . before judgment is pronounced? Defendant Huson: No, sir. . . . (The court) Mr. Louis Morgan Huson, it is ordered, adjudged and decreed that you be sentenced to be committed to the state prison of the State of California at San Quentin, for the term prescribed by law. . . . Mr. Hill (attorney for defendant): As to counts I, III and IV, may we have an order, . . . (The court): Just a minute gentlemen. What about the degree? We didn't fix that. Mr. Lippold (District Attorney): It is an attempted robbery, your honor. I don't know that there is a degree but there was a deadly weapon used, so if there is any degree it would be first degree attempted robbery. The Court: That is your understanding? Mr. Hill: Yes, if your honor please. The defendant informs me there were no bullets in the gun, but under the latest decision of the Supreme Court it would still constitute a deadly weapon. The Court: Very well.

The court will find that this is attempted robbery in the first degree.''

 It is unnecessary to fix the degree of the crime of attempted robbery. The penalty for an attempt to commit robbery is the same whether the offense be that of robbery of the first or the second degree. The penalty is the same whether robbery is committed with or without the use of a deadly weapon. (*People* v. *Arguero,* 113 Cal. App. 424 [298 Pac. 520].) Section 664 of the Penal Code provides in part:

''Every person who attempts to commit any crime, but fails, or is prevented or is intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows:

''1. . . . If the crime attempted is murder, robbery, burglary in the first degree or lewd and lascivious conduct the person guilty of such attempt shall be punishable by imprisonment in the state prison for a term not more than twenty years.''

Evidently the legislature deliberately refrained from distinguishing between robbery of the first and robbery of the second degree, in fixing the penalty for an attempt to commit this offense. In the section last mentioned, a distinction was made between burglary of the first and second degrees. But an attempt to commit robbery is punishable by the same penalty regardless of the nature of the circumstances attending such attempt. It is necessary for the court or a jury to fix the degree of a crime only for the purpose of determining the penalty which may be lawfully imposed. The statutes of California establish no degrees of the crime of attempted robbery.

 Even though the crime of attempted robbery were segregated into degrees, the record in this case sufficiently complies with the provisions of the statute. Section 1192 of the Penal Code, upon which the petitioner relies reads: ''Upon a plea of guilty of a crime distinguished or divided into degrees, the court must, *before passing sentence,* determine the degree.''

Under the provisions of section 211a of the Penal Code, robbery which is perpetrated by one who is armed with a deadly weapon is robbery of the first degree. During the imposing of sentence, the defendant's attorney admitted that

the accused was armed with a deadly weapon at the time of the attempted robbery. This admission is sufficient evidence of the fact upon which the court was justified in finding that he was guilty of attempted robbery of the first degree. (*People* v. *Paraskevopolis,* 42 Cal. App. 325 [183 Pac. 585, 587].) In the case last cited, the court says regarding the sufficiency of such evidence, "We think a voluntary statement or plea by the accused would be sufficient to uphold the determination by the court of the degree."

Upon this admission of defendant's attorney that the accused was possessed of a deadly weapon at the time of the attempted robbery, the court said, "Very well, the court will find that this is an attempted robbery in the first degree."

In spite of the fact that the court determined the degree of the crime immediately after he pronounced the formal language which committed him to the state prison for 'the term prescribed by law, it is apparent the fixing of the degree of the crime was an inseparable part of the same proceeding of pronouncing sentence. The judgment of commitment which was issued on the same day the sentence was pronounced contains the following language:

"Whereas the said Louis Morgan Huson having duly pleaded guilty in this court of the crime of attempted robbery, a felony, as charged in count 2 of the information, which the court finds to be attempted robbery of the first degree,

"It is therefore ordered, adjudged and decreed that the said Louis Morgan Huson be punished by imprisonment in the state prison at the State of California at San Quentin for the term prescribed by law."

For the reasons that the California statutes provide for no degree of an attempt to commit robbery so far as the penalty is concerned, and because the record adequately conforms to the provisions of section 1192 of the Penal Code, even though it were necessary to fix the degree of the attempt to commit robbery, the judgment is valid.

The writ of *habeas corpus* is denied.

Plummer, J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 19, 1932, and an

application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 31, 1932.