[Crim. No. 2547. Second Appellate District, Division Two.—September 12, 1934.]

THE PEOPLE, Respondent, v. GEORGE N. BROWN, Appellant.

George N. Brown, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WHITE, J., *pro tem.*—On December 28, 1932, the district attorney of Los Angeles County filed an information in the superior court against the defendant, who is the appellant herein, charging him with the crime of robbery committed on or about the fifth day of December, 1932, which information further charged the defendant with having been convicted of a prior felony in the county of Los Angeles, in this state, and having served a term therefor in the state prison. There is nothing in the information from which it can be determined whether the offense charged is of the first or second degree. Upon arraignment a date was fixed by the court for defendant to enter his plea, upon which day, January 3, 1933, the defendant regularly and duly entered his plea of not guilty to the charge contained in the information and admitted the prior conviction charged therein. The cause was thereupon set for trial on January 23, 1933. On the last-named date defendant appeared in court with his counsel and by leave of court withdrew his theretofore entered plea of not guilty, and upon being forthwith re-arraigned, the record discloses that the following proceedings were had:

"Mr. Choate [Deputy District Attorney] : In this information you are charged with the crime of robbery.

"Mr. Hill [Public Defender] : We waive the further reading.

"Mr. Choate: At this time, how do you plead to this charge, guilty or not guilty?

"The Defendant Brown: Guilty.

"Mr. Choate: May the record so show?

"The Court: Yes.

"Mr. Choate: Counsel, will you stipulate at this time that it was robbery in the first degree?

"Mr. Hill: Yes.

"The Court: A gun was used?

"Mr. Hill: Yes.

"The Court: Very well. Under the stipulation the court will find the robbery to be robbery of the first degree.

"Mr. Hill: We waive time for sentence."

The court then pronounced judgment in the following language, so far as pertinent here: "Whereas the said George N. Brown, having duly pleaded guilty in this court to the crime of robbery, a felony, as charged in the information which the court found to be robbery in the first degree; . . . It is therefore ordered, adjudged and decreed that the said George N. Brown be punished by imprisonment in the State Prison of the State of California at Folsom for the term prescribed by law." No appeal was taken by defendant from the judgment so pronounced against him.

On the twenty-third day of October, 1933, defendant gave notice that on the sixth day of November, 1933, he would move the court to annul, vacate and set aside the judgment of conviction, sentence and commitment pronounced against him on the 23d of January, 1933. Two grounds were alleged as the basis for such motion, to wit: (1) That the court interposed a higher and different punishment than that prescribed by law on the charge of robbery in the information, thereby violating the due process and equal protection of the law clauses of section 1 of the fourteenth amendment to the Federal Constitution, in that without evidence to establish the degree of robbery the court fixed the degree as first, contrary to the provisions of section 1097 of the Penal Code. (2) That the judgment imposed by the court is without due process of law and without equal protection of the laws, in violation of section 1 of the fourteenth amendment to the Federal Constitution, in that the court issued its commitment for robbery in the first degree, with one prior conviction, without having any evidence be-

fore the court to show whether the robbery was first degree by reason of torture inflicted on the victim or because defendant was armed with a deadly weapon; and that under the provisions of section 1168 of the Penal Code the minimum time of punishment for robbery differs when accomplished through torture from that fixed when the offense is accompanied by the use of a deadly weapon. This motion was denied, and from the order of the court denying such motion this appeal is prosecuted.

As reason for reversal our attention is first directed to the claim that no evidence was offered to prove the *corpus delicti* or that the crime was committed, and that no witnesses were sworn to testify that a robbery was committed or to identify the defendant as having been connected with any robbery. This contention is without merit, because a plea of guilty includes an admission of every element entering into the offenses charged and does not raise any issue of fact. As was said by our Supreme Court in *People* v. *Hickman,* 204 Cal. 470, at page 476 [268 Pac. 909, 270 Pac. 1117]: "Yet a confession of the offense by the party charged, by a plea of guilty, is the highest kind of conviction which the case admits, and submits him to precisely the same punishment as if he were tried and found guilty by a jury. (*State* v. *Almy,* 67 N. H. 274 [22 L. R. A. 744, 28 Atl. 372].) See, also, *West* v. *Gammon,* 98 Fed. 426 [39 C. C. A. 271]." The plea of guilty precluded any such inquiry or taking of evidence as suggested by appellant, because such plea was a conclusive admission of his guilt of the crime charged as against him. (*People* v. *Hall,* 87 Cal. App. 634, 636 [262 Pac. 50].)

We do not desire to be understood as saying that one may be convicted upon his confession alone without other proof of the *corpus delicti;* but the plea of guilty in this case removes from consideration such question. (*Ex parte Hayden,* 12 Cal. App. 145 [106 Pac. 893].)

Appellant next insists that no testimony was taken to determine the degree of the crime as required by section 1192 of the Penal Code, and contends that under the authority of *People* v. *Stratton,* 133 Cal. App. 309, 313 [24 Pac. (2d) 174], the stipulation entered into at the time judgment was pronounced was ineffectual and that evidence should have been taken to determine the degree of the crime.

We do not regard the Stratton case as applicable here, for the reason that in that case it was stipulated that the offense was robbery in the first degree, while in the one now before us, as the hereinbefore quoted portion of the record discloses, the defendant did not stipulate to the degree of the crime, but admitted as a fact that he was at the time of the robbery to which he pleaded guilty armed with a deadly weapon; and it was upon this admission of fact that the court determined the degree of the robbery. As was said by this court in *In re Huson,* 126 Cal. App. 571 [14 Pac. (2d) 845]: "Under the provisions of section 211a of the Penal Code, robbery which is perpetrated by one who is armed with a deadly weapon is robbery of the first degree. During the imposing of sentence the defendant's attorney admitted that the accused was armed with a deadly weapon at the time of the attempted robbery. This admission is sufficient evidence of the fact upon which the court was justified in finding that he was guilty of attempted robbery in the first degree." See, also, *People* v. *Paraskevopolis,* 42 Cal. App. 325 [183 Pac. 585, 587]. In the case last cited the court said, regarding the sufficiency of such evidence: "We think a voluntary statement or plea by the accused would be sufficient to uphold the determination by the court of the degree."

Appellant next contends that the judgment is void on its face, without due process of law and without equal protection of the laws, for the reason that it does not show whether the crime was perpetrated by torture or by the defendant being armed with a dangerous or deadly weapon, and that under the provisions of section 1168 of the Penal Code the minimum term of punishment for robbery is greater when the offense is committed by torture than when committed while the defendant is armed with a dangerous or deadly weapon. Appellant argues that under the instant judgment the board of prison terms and paroles is bereft of information upon which to determine the means by which the robbery was perpetrated; that the judgment should have been so framed that on its face it would have shown the facts from which the board of prison terms and paroles could have definitely determined whether appellant's minimum term was five or ten years. We think that the contention is not sound. The law does not require the

commitment to show upon its face the facts upon which the court determines the degree of the crime, the fact that the accused was armed with a deadly weapon or any of the other facts upon which the prison board is enabled to subsequently fix the maximum and minimum term of sentence under the provisions of section 1168 of the Penal Code.

It is necessary to inform the prison board as to whether the prisoner was armed with a deadly weapon at the time of the commission of the offense, to enable it to determine the maximum and minimum term of sentence as required by section 1168, *supra*. These facts may properly be inserted in the commitment, but they are not necessary to the validity of the judgment. They may be ascertained and certified to the prison board in the manner provided by section 1192a of the Penal Code. That section provides in part: "Before judgment is pronounced upon any person convicted of an offense punishable by imprisonment in the state prison, it shall be the duty of the court . . . to ascertain in a summary manner, and by such evidence as is obtainable, . . . facts . . . calculated to be of assistance to the court in determining the proper punishment of such person, or to the state board of prison directors in the performance of the duties imposed upon it by law . . . Within thirty days after judgment has been pronounced by the court, one copy of such transcript . . . shall be sent by mail . . . to the warden of the prison to which such convicted person shall have been sentenced. . . . " Such was the holding by this court in *People* v. *Bayne,* 136 Cal. App. 341 [28 Pac. (2d) 1068]. See, also, *People* v. *Rhodes,* 137 Cal. App. 385 [30 Pac. (2d) 1026], and *People* v. *Ramirez,* 139 Cal. App. 380 [33 Pac. (2d) 848]. ■ In the case before us the court made the necessary inquiry as to causes of criminal conduct on the part of appellant before pronouncing judgment, as required by section 1192a of the Penal Code, and forwarded such statement to the warden of the state prison, as is indicated by the certified copy of the letter of transmittal to the warden of Folsom state prison which appears in the supplemental clerk's transcript now before us. A perusal of this inquiry, made by the court at the time judgment was pronounced and copy of which was mailed to the state prison officials, discloses the information that in answer to a question propounded by the court as to whether

a gun was used, the defendant through his counsel answered in the affirmative. With this information before it we must assume the prison board will necessarily fix a term of sentence on the basis that the prisoner was armed with a deadly weapon and that the robbery here in question was not committed with torture.

For the foregoing reasons the order appealed from is affirmed.

Craig, Acting P. J., and Desmond, J., concurred.