[Crim. No. 505. Fourth Appellate District.—September 2, 1937.]

THE PEOPLE, Respondent, v. C. L. HAMMOND, Appellant.

C. L. Hammond, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

JENNINGS, J.—This appeal is from an order of the Superior Court of Fresno County denying defendant's motion to vacate a judgment of said court whereby defendant was sentenced to life imprisonment in Folsom prison. The record on appeal shows that the judgment was pronounced on June 7, 1917, and that on March 15, 1937, defendant gave notice that he would on March 30, 1937, move the court to vacate the judgment. The record further shows that the motion was actually submitted on June 18, 1937, and was denied on June 21, 1937.

The single ground of the motion and the sole contention advanced on this appeal is that the trial court erroneously pronounced judgment on the same day on which defendant's plea of guilty to a charge of murder was entered. It is urged that the provisions of section 1191 of the Penal Code prohibited the court from pronouncing judgment at any time less than two days after the plea of guilt was entered, that consequently the trial court had no jurisdiction to take the action which it did and hence that the judgment pronounced as above noted was void. It must however be observed that the record shows that the defendant was represented by counsel at the time judgment was pronounced against him and that his counsel expressly waived time for its pronouncement. Defendant contends that this is not sufficient to render the judgment immune to the attack made upon it for the reason that a waiver of the statutory time could only have been accomplished by the defendant himself. It was decided to the contrary in the case of *People* v. *Manriquez*, 188 Cal. 602, 606 [206 Pac. 63, 20 A. L. R. 1441].

Moreover, it may be regarded as settled that a motion of the character of that which was presented to the trial court in this proceeding must be made "within a reasonable time" after rendition of judgment in order that it may be effective and within possibility of favorable action. (*People* v. *Vernon*, 9 Cal. App. (2d) 138, 142 [49 Pac. (2d) 326].) In the case last cited it appeared that more than 4½ years had elapsed after pronouncement of judgment when the motion for vacation was made and it was held that so long a delay was not reasonable and justified denial of the

motion. In the very recent case of *People* v. *Lumbley,* 8 Cal. (2d) 752 [68 Pac. (2d) 354], the defendant petitioned the trial court for the issuance of a writ of *coram nobis* whereby he sought to attack a judgment of conviction pronounced against him six years and eight months prior to institution of the proceeding for the writ. The trial court granted the petition and ordered the writ to issue. On appeal by the People the trial court's order granting the writ was reversed. At page 485 of the volume cited the Supreme Court of California uses the following significant language:

''The untimely delay on the part of defendant in petitioning for the writ would have been sufficient grounds for denying it. In *People* v. *Vernon,* 9 Cal. App. (2d) 138 [19 Pac. (2d) 326], it is said that a motion to vacate a judgment must be made within a reasonable time. In that case the delay was shorter than in the present case, and the court held, under the circumstances of that case, delay had been so long as to justify a denial of the writ.''

In the instant proceeding the delay which is wholly unexplained amounted to almost 20 years. This fact alone amply justified denial of the motion.

The order from which this appeal has been taken is accordingly affirmed.

Marks, Acting P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 30, 1937.