[Crim. No. 510. Fourth Appellate District.—April 26, 1938.]

THE PEOPLE, Respondent, v. C. L. HAMMOND, Appellant.

C. L. Hammond, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, Dan F. Conway, District Attorney, and Henry A. Hunter, Deputy District Attorney, for Respondent.

MARKS, J.—This is an appeal from an order of the Superior Court of Fresno County fixing the degree of the crime of which defendant stood convicted on a plea of guilty and from a judgment pronounced upon him.

On June 7, 1917, defendant and his wife, Anna Hammond, each entered a plea of guilty to an information charging murder. The trial court did not fix the degree of the crime, but sentenced Hammond to imprisonment for life in the state penitentiary at Folsom. In December, 1937, Hammond sought his release from imprisonment by means of a writ of *habeas corpus*. In that proceeding the appellate court made the following order:

"The writ is discharged and the prisoner is remanded with direction to the warden of Folsom state prison to deliver the petitioner into the custody of the sheriff of Fresno county at a time to be fixed by the superior court of that county, without unnecessary delay, for the purpose of allowing the department of said court having charge of criminal cases to ascertain and fix a degree of the offense of which the defendant has pleaded guilty, and thereupon pronouncing such sentence upon the petitioner as may appear to said court to be just and proper, and order the return of the petitioner to the warden of the Folsom state prison, to be there held in execution of the judgment that may be so pronounced upon the petitioner." (*In re Hammond*, 24 Cal. App. (2d) 18 [74 Pac. (2d) 308].)

In reaching that conclusion it was held that the failure of the trial court to find the degree of the crime did not render the first judgment void, but merely defective.

▉ Defendant maintains that the procedure directed in the *habeas corpus* proceeding by the District Court of Appeal, and followed by the superior court, was contrary to law and void because the superior court had lost jurisdiction, judgment having been once pronounced and more than twenty years having elapsed since his plea of guilty was entered. (Sec. 1191, Pen. Code.)

This precise question has been before the courts of California and it has been decided that the contention so made is unsound. (*In re Stroff*, 132 Cal. App. 351 [22 Pac. (2d) 770].) A similar though not identical question to the one presented here, and decided in the Stroff case, was before the Supreme Court in *In re Lee*, 177 Cal. 690 [171 Pac. 958], and a like conclusion reached. (See, also, *People* v. *Paraskevopolis*, 42 Cal. App. 325 [183 Pac. 585]; *People* v. *Stratton*, 133 Cal. App. 309 [24 Pac. (2d) 174].)

▉ Defendant next contends that the superior court lacked jurisdiction to fix the degree of the crime and pro-

nounce a second judgment upon him. This argument contains its own answer. If it be conceded, for the sake of argument, that the District Court of Appeal went too far in ordering defendant into the superior court for resentence, and should have confined its order to directing that court to fix the degree of the crime, and it be also conceded that the superior court exceeded its jurisdiction in doing anything more than fix the degree of the crime, then it must also be conceded that the portion of the second judgment which did anything more than fix the degree of the crime was a nullity and may be disregarded. The degree of the crime having been fixed defendant could be confined under the judgment of June 7, 1917. However, the order of the Supreme Court in *In re Lee, supra,* would indicate approval of the order made by the District Court of Appeal and the procedure followed by the superior court in the instant case.

 It is next urged that it is the statutory duty of the trial court to fix the degree of the crime after a plea of guilty is entered (sec. 1192, Pen. Code) and that in doing so evidence must be taken so that the trial court may have facts before it upon which to base its order; that in the instant case the trial court had no competent evidence before it upon which to determine the degree of the crime. (*People* v. *Paraskevopolis, supra.*)

The record shows that when defendant was returned to court to have the degree of the crime fixed the district attorney offered in evidence a transcript of the reporter's notes taken at the time of the first sentence. The reporter testified that the transcription was true and correct. Objection was made to the introduction of this evidence but not on the ground that a transcription was offered and the original stenographic notes were not produced and read. That question was not raised and is not argued here. It is merely urged that the transcript contained no evidence upon which the trial court could fix the degree of the crime.

We have examined the record of the proceedings which preceded the pronouncement of judgment of June 7, 1917, and may briefly summarize them as follows:

Defendant withdrew his plea of not guilty and entered a plea of guilty. The then counsel for defendant made the following statement:

"Mr. Brickley: I would merely suggest that it was understood, I believe, between myself and Mr. McCormick that

someone should make a statement of the facts, and I am willing at this time, if the Court so desires, that Mr. McCormick make a statement of the facts involved in this offense, facts immediately preceding and succeeding facts that may be relevant, immediately following.''

Mr. McCormick, the then district attorney, proceeded to make a detailed statement of facts showing defendant and his wife guilty of an atrocious, cold blooded, premeditated and deliberately planned murder in the first degree for the purpose of financial gain. Among many other things it was stated that deceased's throat had been cut with a razor and his head almost severed from his body.

When the district attorney had concluded the trial judge asked defendant if he had anything to say. Defendant made a statement, and while attempting to throw the primary blame of planning the murder on his wife, freely admitted his own guilt. Among other things, he said:

''The Defendant: Well, I might state, Judge, that these answers and questions are quite true except in places changed a little if I understood, and the instance where the razor was used; I was not standing near the box. Mrs. Hammond asked what might be done to quench this noise. I told her I didn't know. He kept a shaving apparatus on this box in the corner. She said, 'Here is his razor, use that.' In that moment, being excited and scared, why I took it from her hand and used it. And the statement that Mr. Lassere raised from the table. She hit this man several times before I made any attempt, but the man seemed to come to himself and try to grapple with the woman, and I stepped away, thinking that he might harm both of us.''

Defendant's then counsel made a statement in court in which the following appears:

''I think all the facts show, the facts as nearly as they can be ascertained show that she not only planned but practically executed the crime itself. He, however, was fully aware in advance of everything that she intended to do, and if not by an overt act, at least by silent acquiescence he participated in it from a legal standpoint anyhow to the same degree and to the same degree of culpability as herself.''

It should be observed that the trial court at the time of the last hearing had before it a full and detailed statement of the facts of the crime made by the district attorney at the hearing in June, 1917, which statement was made upon

the suggestion if not the request of the attorney for defendant. Defendant heard this statement and, except as to minor details, admitted its truth. Here we have as full and complete a confession made in open court of all the details of murder in the first degree as is possible to be obtained from a guilty defendant. ■ Where the *corpus delicti* is established a defendant may be convicted on his own confession. Further, defendant's counsel in open court admitted the details of the crime. A defendant is bound by the admission of his counsel made in open court. The admissions of defendant and his counsel in open court on June 7, 1917, established every necessary element of murder in the first degree and when produced at the last hearing furnished ample evidence upon which the trial judge could fix the degree of the crime as murder in the first degree.

The order and judgment are affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 26, 1938.