[Crim. No. 2278.    Third Dist.    July 17, 1951.]

In re BERNARD FORD, on Habeas Corpus.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Appellant.

Oscar A. Kistle, Public Defender, for Respondent.

PEEK, J.—This is an appeal by the People from an order of the Superior Court of Sacramento County, after a hearing in a habeas corpus proceeding, directing that Bernard Ford be returned to the Sheriff of the City and County of San Francisco, to be by him taken before the municipal court of said city and county, for rearraignment and further proper action in connection with a prior proceeding out of which the said Bernard Ford was convicted and sentenced to the state prison for robbery.

The basis of the above order was that the respondent Ford

had, in the said prior proceeding, entered a plea of guilty to the crime of robbery without being represented by counsel.

In part, the transcript of said habeas corpus proceeding shows that on January 3, 1944, when respondent appeared for arraignment in the Municipal Court of the City and County of San Francisco on the charge of robbery, the following occurred:

"THE COURT: Are you ready to proceed, Mr. Dresow?

"MR. DRESOW: Yes, your Honor, ready for arraignment.

"THE COURT: All right, Bernard Ford. Let the record show Bernard Ford is represented in court by Mr. Abraham Dresow, Assistant Public Defender. Mr. Bernard Ford, I instruct and caution you that you are hereby charged with the commission of a felony, to-wit: a violation of section 211 of the Penal Code; that under the law you are entitled to a reasonable continuance for the purpose of preparing your defense, to subpoena or summon witnesses and also to engage the services of an attorney to defend you. It is your right to be represented by counsel at any and all stages of the proceedings. Arraign the defendant, Mr. Clark.

" (Here the defendant was arraigned and answered his true name as set forth in the complaint on file herein.)

"MR. DRESOW: Your Honor, this man has requested me to ask for a continuance. It seems he has retained Mr. Harry Whitthorn as his attorney, who had to be in Oakland this morning. He suggested further, if there is no objection, I ask it to go over to January 7th.

"THE COURT: All right."

The transcript of the proceedings on January 7 is in part as follows:

"MR. KENNY: Your Honor, the defendant informs me he has entered a plea of not guilty and desires to change the plea and plead guilty.

"THE COURT: What case is this?

"MR. COURNEEN: No. 1 on the continued, Bernard Ford, charged with robbery.

"THE COURT: He has been instructed and arraigned.

"MR. KENNY: He entered a plea of not guilty, I understand.

"THE COURT: (To the defendant) You desire to change your plea to a plea of guilty, now, do you?

"THE DEFENDANT: Yes, sir.

"THE COURT: Certified to the Superior Court?

"MR. KENNY: Certified to the Superior Court.

"THE COURT: All right, the case is certified to the Superior Court."

From the testimony of petitioner at the habeas corpus proceeding it appears that prior to his arraignment he talked to Mr. Whitthorn on the telephone; that Whitthorn then called upon him at the jail telling him that he would be out of town on the day of the arraignment but that a Mr. Meadows would appear for him. Thereafter Meadows conferred with defendant at the jail advising him to plead not guilty when he was arraigned and that he, Meadows, would take care of the matter at the preliminary in the municipal court.

On January 11, the date set for the hearing in the superior court, Mr. Lynch, the assistant district attorney, informed the court that Mr. Meadows was not there and suggested that in view of that fact the case be continued for one day, and it was so ordered. When the case was called on the following day Mr. Lynch stated:

". . . the defendant yesterday raised a question of being represented by counsel. He stated he was represented by Mr. Meadows and Mr. Meadows tells me he does not represent him but that Mr. Whitthorn did, but I don't think Mr. Whitthorn is actively engaged in the practice of law now."

The defendant then stated to the court that Mr. Whitthorn did represent him in the municipal court but that he pleaded guilty and "took him (Whitthorn) off the case. I was under misapprehension, and I called him and he said he would have Mr. Meadows to represent him."

"THE COURT: Do you want time to engage other counsel?

"THE DEFENDANT: No, sir, I want to plead guilty.

"THE CLERK: He has already pleaded guilty and to-day is the fifth day.

"THE COURT: Let the public defender, Mr. Dresow, represent him for the purpose of judgment."

It is not denied that neither Kenny nor Dresow had consulted with respondent about the facts of his case. Respondent, however, had consulted his own attorney, Mr. Whitthorn, who, defendant testified, advised him to enter a plea of not guilty and that he followed such advice. At the hearing in the habeas corpus proceeding in the Sacramento Superior Court respondent testified that the two officers who had arrested him had attempted to persuade him to plead guilty, that they hit him in the face a couple of times and had told him if he pleaded guilty he would get off with a county jail sentence. He also testified that Attorney Meadows called upon him at the county jail, and upon learning that he had

changed his plea from not guilty to guilty, the following colloquy occurred:

"Why did you plead? I was busy. Why didn't you ask for a continuance?" And I says, "I didn't know. I have been advised by the police officers if I plead guilty, why, I would get a County Jail sentence." He says, "Well, you are crazy. I wash my hands of it if you want to take it in your own hands."

The record further shows that during the Sacramento County hearing he was asked by the district attorney:

"Well, as I understand your testimony now regardless of the advice given to you by Mr. Meadows when these officers promised you the County Jail sentence it was your idea to change your plea to guilty, is that true?"

To which question respondent answered:

"That is right, Mr. Sheehy."

Additional testimony in the record shows that both the attorney, whom defendant originally retained to represent him, and one of the arresting officers were dead at the time the habeas corpus proceeding was commenced, and that respondent had been previously convicted and sentenced in California for the crime of extortion and for the crime of forgery in Nevada.

As has been stated, the basis of the order here appealed from and the position now taken by respondent is that the circumstances under which the plea of guilty was entered amounted to a denial of respondent's constitutional right to effective aid of counsel. It is contended that the representation afforded respondent by Mr. Kenny and Mr. Dresow was merely a *pro forma* appearance. With this argument we cannot agree.

The record shows without contradiction that at the outset respondent talked with and was advised by counsel of his own choice, that pursuant to that advice he entered a plea of not guilty but that he thereafter voluntarily abandoned such advice and entered a plea of guilty.

Having in effect voluntarily waived the aid of counsel of his own choice, he cannot now be heard to argue that he should have received and was denied that same aid by the public defender.

It is well settled that a defendant is not denied his constitutional rights where he has voluntarily waived his right to counsel with an intelligent conception of the consequences of his act. (*In re Tedford,* 31 Cal.2d 693 [192 P. 2d 3].) There is nothing in the record before us to indicate

that respondent, who appears to have been somewhat familiar with criminal procedures, did not have an intelligent conception of the consequences of his act when he entered the plea of guilty.

Furthermore it should be noted that respondent has failed to disclose any reasons or make any excuse for the six-year delay in the presentation of the facts raised by his petition for a writ of habeas corpus. He is therefore confronted by the further rule that "one who belatedly presents a collateral attack such as this [must] explain the delay in raising the question." (*In re Swain*, 34 Cal.2d 300 [209 P.2d 793].)

The order is reversed.

Adams, P. J., and Van Dyke, J., concurred.