[Crim. No. 3155.   First Dist., Div. One.   Dec. 28, 1955.]

THE PEOPLE, Respondent, v. RALPH JEROME VON BRAUN SELZ, Appellant.

Berwyn A. Rice for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Twenty years after rendition of judgment sentencing him to state prison for life for first degree murder, defendant moved to vacate because upon his plea of guilty the court failed to take evidence before determining the degree of the offense.[†]

The State contends that in this case the information charged first degree murder (thus dispensing with the need for evidence as to the degree) because it charged defendant with killing another ". . . *wilfully,* unlawfully and feloniously and with *malice aforethought* and *premeditation.*"[‡] The argument is that the use of the italicized words, especially the word "premeditation," ineradicably labels this as first degree murder because section 189 of the Penal Code defines

---

[†] "Upon a plea of guilty of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree." (Pen. Code, § 1192 as originally enacted and as it read until amended by the Statutes of 1949, ch. 800, p. 1537.)

For the purpose of making such a determination, the court must take evidence (*In re James*, 38 Cal.2d 302, 312 [240 P.2d 596], and cases there cited) unless a sufficient basis for the determination is furnished by admission or stipulation of the defendant (*People v. Raner*, 86 Cal.App.2d 107, 110 [194 P.2d 37]; *People v. Hammond*, 26 Cal.App.2d 145, 150 [78 P.2d 1172]; *People v. Martin*, 78 Cal.App. 2d 340, 341, 343 [177 P.2d 813]; *In re Hudson*, 126 Cal.App. 571, 573-574 [14 P.2d 845]) or unless the offense as charged, correctly interpreted, is but a single offense, not one divided into degrees (*People v. Mendietta*, 101 Cal.App.2d 788 [226 P.2d 34]).

[‡] Italics are ours unless otherwise indicated.

first degree murder as murder perpetrated by means of "poison" or "lying in wait" or "torture" and then says "or *by any other kind of willful, deliberate, and premeditated killing.*"

We are not persuaded. The State's chief reliance is upon *People* v. *Mendietta,* 101 Cal.App.2d 788 [226 P.2d 34], but there the charge was that the defendant committed robbery while " 'armed with a deadly weapon, to wit: a revolver,' " a specification of the very means which the statute expressly declared characterized it as robbery of the first degree. We think it significant, too, that in *In re Hammond,* 24 Cal.App. 2d 18 [74 P.2d 308], and *People* v. *Hammond,* 26 Cal.App. 2d 145 [78 P.2d 1172], the court treated the information as charging a "crime distinguished or divided into degrees" (Pen. Code, § 1192) even though the information declared that the defendant murdered a human being *"wilfully,* unlawfully, feloniously and *with premeditation and malice aforethought"* (p. 19 of 24 Cal.App.2d), for all practical purposes identical with the charge in the instant case.

■ However, the circumstances under which defendant's plea of guilty was given and received did, we think, furnish a sufficient basis for the trial court's determination that this was first degree murder.

Upon defendant's arraignment in the superior court the judge asked if it was agreeable that the plea of the defendant be taken at that time. The district attorney and the defendant, and the latter's counsel, indicated their assent. Thereupon the district attorney requested the court to fix the degree of murder as first degree and the court said "such will be the order." Defendant then pleaded guilty and the court said: "The degree has been fixed as murder in the first degree. I will now arraign the defendant for judgment." Asked if he had any legal cause to show why judgment should not be pronounced against him, the defendant responded: "No." Thereupon, in response to a suggestion by the district attorney, the court directed the district attorney to ask such questions as he wished under the provisions of section 1192a of the Penal Code. That was done but did not elicit anything that had any bearing upon the degree of the crime. Following the recommendation of the district attorney, the court sentenced defendant to confinement in the state prison at San Quentin for life.

These circumstances did, we think, furnish a sufficient basis

for the court's determination that the crime was first degree murder. The defendant was represented by counsel, both of whom were personally present. He may be presumed to have acted advisedly when he pleaded "guilty" immediately after the court declared it to be first degree murder; especially, when, following the plea, the court declared "the degree has been fixed as murder in the first degree" and defendant suffered himself to be arraigned for judgment without defendant or his counsel making any objection or taking any exception to that declaration.

These circumstances, in effect, spell an admission or stipulation that it was first degree murder, in much the same manner as a defendant's failure to object to a continuance furnishes the basis for a presumption that he consented to the continuance (see *Ray* v. *Superior Court,* 208 Cal. 357, 358 [281 P. 391]; *People* v. *Bradford,* 130 Cal.App.2d 606, 608 [279 P.2d 561]). ■ We are mindful, too, of the fact that "a hearing for the determination of the degree of an offense is not a trial in the technical sense, and is not governed by the same strict rules of procedure as a trial. (*People* v. *Gilbert,* 22 Cal.2d 522, 528 [140 P.2d 9]; *People* v. *Williams,* 14 Cal.2d 532, 536 [95 P.2d 456]; *People* v. *Rhodes,* 137 Cal. App. 385, 391-392 [30 P.2d 1026]; *People* v. *Hall,* 105 Cal. App. 359, 362 [287 P. 533].)" (*People* v. *Raner,* 86 Cal. App.2d 107, 109-110 [194 P.2d 37].)

■ There appears to be no serious doubt concerning the competency of the defendant to stipulate as to the degree of the crime, especially when he is represented by counsel and thus may be assumed to act advisedly. There are several cases in which the stipulation was of a fact (such as the fact that the defendant was armed with a dangerous or deadly weapon at the time of the offense) which fact supported the degree of crime which the court ascertained and determined. (See *In re Hudson,* 126 Cal.App. 571, 573-574 [14 P.2d 845]; *People* v. *Brown,* 140 Cal.App. 616, 619-620 [36 P.2d 194]; *People* v. *Hammond,* 26 Cal.App.2d 145, 148-150 [78 P.2d 1172]; *People* v. *Dale,* 79 Cal.App.2d 370, 379-380 [179 P.2d 870].) ■ We think that a defendant is not limited to admitting or stipulating to a fact which determines the degree of the crime but that he may also stipulate to the degree as such. Thus, in *People* v. *Martin,* 78 Cal.App.2d 340 [177 P.2d 813], it appeared that by "stipulation the district attorney and counsel for defendant agreed that the crime charged in count one was burglary

in the second degree" and the court did later determine it to be of that degree (pp. 341-342). The defendant, later challenging the judgment for asserted failure to comply with section 1192 of the Penal Code, invoked *People v. Paraskevopolis*, 42 Cal.App. 325 [183 P. 585]. The court distinguished that case and ruled as follows: "While in that case this court did hold, upon the peculiar facts disclosed therein, that failure of the trial court to determine the degree of the admitted crime necessitated a remand of the case, nevertheless it was further held that a plea of guilty to the particular degree of the crime charged and a determination by the court of the degree were sufficient. It is the latter holding that applies to the situation in the present case. Here the judgment contains a recital of the offense with which the defendant was charged, his plea of guilty thereto, and a finding by the court that the offense charged was burglary in the second degree. Such determination was sufficient." (P. 343 of 78 Cal.App.2d. A petition for a hearing by the Supreme Court was denied.) That decision apparently overruled any statements seemingly inconsistent with it appearing in the earlier decision by the same court in *People v. Stratton*, 133 Cal.App. 309 [24 P.2d 174]. ▮ There appears to be no substantial difference between stipulating that the crime *charged* is of a certain degree (as in the Martin case) and stipulating that the crime *committed* is of a certain degree (as in our case) insofar as concerns the competency of a defendant to make the stipulation and of the court to use the stipulation as a predicate for its determination of the degree of the crime.

▮ An alternative reason for a denial of the motion to vacate is furnished by the defendant's 20-year delay in presenting the point without any showing of an explanation or excuse for the delay. (*People v. Hammond*, 22 Cal.App.2d 505 [71 P.2d 334], 20-year delay in moving to vacate a judgment which was pronounced prior to the expiration of the two days after plea prescribed by section 1191, Penal Code; *People v. Lumbley*, 8 Cal.2d 752, 761 [68 P.2d 354], an unexplained delay of six years and eight months in seeking to withdraw his admission of three prior felony convictions, approving *People v. Vernon*, 9 Cal.App.2d 138 [49 P.2d 326] in holding that a motion to vacate a judgment must be made within a reasonable time; *People v. Holt*, 93 Cal.App.2d 473, 478 [209 P.2d 94], an unexplained 10-year delay in moving to vacate a judgment which was not void

on its face and the questions presented could have been considered upon appeal from the judgment had an appeal been taken; *In re Ford,* 105 Cal.App.2d 499, 503 [233 P.2d 928], an unexplained six-year delay in making a collateral attack upon a judgment; *People* v. *Kerr,* 113 Cal.App.2d 90, 93 [247 P.2d 927], an unreasonable delay of 5½ years.)

It would appear that the court below in denying the motion to vacate indicated, as a predicate therefor, that the information sufficiently charged murder of the first degree, making no mention of the long delay or of the defendant's acquiescence in the determination that the crime committed was murder of the first degree. Although we do not consider sufficient the reason which the court assigned, the existence of unmentioned valid reasons for the denial requires affirmance. As early as 1861, our Supreme Court said of a refusal of certain incorrect and inappropriate instructions (the trial court having assigned an erroneous basis for its refusal): "It is immaterial whether the reason for refusing the instructions be good or not, as we do not try the sufficiency of the arguments of the Judge, but only the soundness of his conclusions." (*People* v. *Sears,* 18 Cal. 635, 636. See also cases cited in 4 Cal.Jur.2d 391, Appeal and Error, § 536, notes (1) and (2).)

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 25, 1956. Carter, J., was of the opinion that the petition should be granted.