39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Michael JONES, Petitioner-Appellant,
v.
George INGLE, Warden, et al., Respondents-Appellees.
 No. 94-15075.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 24, 1994.
 
 Before: GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Michael Jones petitioned the district court for a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court dismissed Jones' petition on the ground that he had procedurally defaulted his claims in the California Supreme Court. We affirm.
 
 
 3
 * In March 1988, David Michael Jones pled guilty to multiple sexual offenses against his minor daughter. Jones did not appeal from his conviction, but in January 1990, he filed a petition for writ of habeas corpus in the Sacramento County Superior Court. That court denied his petition on the merits. In August 1990, Jones presented the same claims to the California Court of Appeal, and that court denied his petition without explanation. Finally, in June 1991, Jones presented his claims to the California Supreme Court. The California Supreme Court summarily denied his petition with the following order:
 
 
 4
 Petition for writ of habeas corpus DENIED.
 
 
 5
 ( See In re Swain (1949) 34 Cal.2d 300, 304)
 
 
 6
 Jones then presented his claims to the United States District Court for the Eastern District of California. The district court dismissed Jones' petition. The district court found that it was barred from reviewing the petition because the California Supreme Court's citation to In re Swain indicated that its denial of Jones' petition rested on a state procedural ground that was independent of any federal question raised by Jones.
 
 II
 
 7
 Whether a habeas petitioner's claims are barred in federal court by state procedural default is a question of law reviewed de novo. Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir.1990).
 
 
 8
 When a state prisoner defaults on his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause and prejudice. Coleman v. Thompson, 501 U.S. 722 (1991).
 
 
 9
 Jones argues that his illegal sentencing claim is not procedurally barred because in 1993, nearly two years after the California Supreme Court denied his petition on Swain grounds, the California Supreme Court held that the Swain rule does not apply to a claim of sentencing error. In re Harris, 21 Cal.Rptr.2d 373, 389 (Cal.1993). Therefore, Jones contends that his sentencing claim is not barred.
 
 
 10
 Harris provides no assistance to Jones, however, because the Harris exception to the Swain rule was not in effect at the time Jones' claim was dismissed in the California courts. See Lumpkin v. Ricketts, 551 F.2d 680, 682 (5th Cir.1977) (refusing to apply a Georgia statute that provided an exception to a procedural rule because the statute was not in effect at the time that petitioner was convicted).
 
 
 11
 Moreover, Jones' claim would be barred even if Harris were applicable. In addition to providing an exception to the Swain rule, Harris also limits the types of claims that can be brought for the first time in a California habeas proceeding. Harris holds that a claim of illegal sentencing may be brought on habeas without a prior appeal but only if the judgment can be corrected without a redetermination of the facts. Id. at 405-06. Jones failed to appeal, and his illegal sentencing claim involves a redetermination of whether Jones threatened his minor daughter with "great bodily harm." Cal.Penal Code Sec. 667.6(c). Thus, if we were to apply Harris to Jones' claims, Jones would still have procedurally defaulted.
 
 
 12
 Finally, Jones contends that the Swain rule is not an adequate state ground on which to preclude federal habeas review. The United States Supreme Court has held that "a state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly followed.' " Hathorn v. Lovorn, 457 U.S. 255, 262-63 (1982) (quoting Barr v. City of Columbia, 378 U.S. 146, 149 (1964)). See also Johnson v. Mississippi, 486 U.S. 578, 587 (1988). Jones points to the fact that the California Supreme Court denied his claim of illegal sentencing on Swain grounds, yet two years later it heard Harris' claim of illegal sentencing despite the Swain objection. That is evidence, according to Jones, that the California Supreme Court does not apply Swain consistently.
 
 
 13
 We disagree. Jones points to no other instances of inconsistent application of the Swain rule, and we could find none. See, e.g., People v. Ford, 233 P.2d 928, 930 (Cal.Ct.App.1951) (applying Swain ); In re Shipp, 399 P.2d 571, 575 (Cal.1965) (same); In re Wells, 434 P.2d 613, 615 (Cal.1967); Moreno v. Nelson, 472 F.2d 570, 571 (9th Cir.1973) ("California law requires an applicant for habeas corpus, where there is substantial delay, to explain the reasons for the delay."). Harris alone is insufficient to support a finding of inconsistency. See Dugger v. Adams, 489 U.S. 401, 410-11 n. 6 (1989) (when state has followed procedural rule "faithfully" in "the vast majority of cases," and has deviated from the rule "only in a few cases," the few deviations do not establish a failure to apply the state's procedural rule regularly and consistently). This is especially true here because Harris was decided after the California Supreme Court had denied Jones' petition. Thus, Jones can point to no evidence that Swain was applied inconsistently at the time that his petition was denied.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3