[No. 10,300.]

## THE PEOPLE *v.* CHARLES JEFFERSON AND FRANK JONES.

BURGLARY.—By the Penal Code, as amended in 1876, burglary committed in the night-time is burglary in the first degree, and burglary committed in the day-time is burglary in the second degree. An indictment should therefore charge burglary generally, and leave the degree to be determined by the verdict if the plea is not guilty, and by the Court if the plea is guilty.

DUTY OF COURT ON PLEA OF GUILTY.—If the defendant pleads guilty to an indictment which charges an offense which is divided into degrees, the Court, before passing sentence, must ascertain the degree.

APPEAL from the County Court, County of San Joaquin.

The defendant appealed.  The other facts are stated in the opinion.

*S. L. Terry*, for the Appellant.

*Jo Hamilton*, Attorney-General, for the People.

By the COURT:

The indictment charged the commission of burglary, in that defendants did willfully, unlawfully, feloniously, and burglariously break and enter a certain railroad car, with the intent then and there to commit larceny, etc.   To this indictment the defendants pleaded guilty.

The County Court proceeded to pronounce judgment without previously determining the degree of the crime of burglary of which the defendants were guilty.

Sec. 1192 of the Penal Code provides: "Upon a plea of guilty of a crime distinguished or divided into degrees, the Court must, before passing sentence, determine the degree."

Prior to the amendments to the Penal Code, which took effect May 1st, 1876, the entering a house, etc., in the night-time, with felonious intent, or with intent to commit petty larceny, and an entry with like intent in the day-time, were separate and distinct offenses; and a defendant indicted for the one offense could not be convicted of the other.  "Housebreaking," as the latter offense was then named, was not included in burglary.

A familiar illustration of the cases in which a conviction may be had of any of the offenses charged in an indictment is the case of indictment for murder.   There, omitting the averment of malice, an unlawful and felonious killing is charged, and the verdict may properly be guilty of *manslaughter*.   And inasmuch as the averment of " malice aforethought" includes both express malice (or the intent to kill affirmatively proved) and implied malice—which may be presumed from the killing—the defendant may be found guilty of murder in the first or second degree.

As was said in *People* v. *Hann*, 44 Cal. 96, and reiterated in *People* v. *Doyell*, 48 Cal. 85, the term "murder" has but one meaning—the killing of a human being with malice aforethought, either express or implied.   Where such killing with malice aforethought is alleged, there is an averment of all the facts which constitute each of the offenses, murder in the first degree, in the second degree, and manslaughter.

But while a defendant indicted for one crime may be con-

victed of a less offense *also charged in the indictment*, he cannot be convicted of an offense not charged in the indictment, (actually, or by construction created by the legislative will) and which consists of an additional element of circumstance not averred in the indictment. Prior to the amendments referred to, an indictment charging an entry in the night-time could not be construed as averring an entry in the day-time; and as there was no allegation of an entry in the day-time, a defendant accused of " burglary " could not be convicted of " housebreaking."

By sec. 459 of the Penal Code, as amended, " burglary " is defined to be the entry of a habitation, etc., with intent to commit grand or petty larceny, or any felony; while by secs. 460 and 461 a burglary committed in the night-time is declared to be burglary in the first, and a burglary committed in the day-time is made burglary in the second, degree. Sec. 1157 provides: " Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of crime of which he is guilty."; and as we have seen, in case of a plea of guilty, a like duty is cast upon the Court by sec. 1192. It would be illogical, and not in accord with elementary principles of pleading, to declare that if the indictment charged an entry in the night-time only, the jury or Court could find the defendant guilty of an entry in the day-time. Yet it was the evident purpose of the Legislature to authorize the jury or Court to determine the degree, as the evidence might show that the entry was in the day or night-time. Reading the sections of the statute together, it seems plain that it was the intention to provide for a crime which is styled " burglary," and which consists of an entry with intent to commit a felony or petty larceny, either in the night or day-time. This crime is divided into two degrees—an entry with such intent in the night-time, and an entry with like intent in the day-time, while the duty of determining *from the evidence* whether the offense is burglary in the first or second degree is imposed on the Court or jury, as the plea may be " guilty " or " not guilty."

Inasmuch as the indictment, to cover both degrees, *must not specify that the entry was either by day or night*, it follows that

the. averment must be general without such specification, and such averment must be construed as charging an entry *both* in the night and day-time. Thus construed, whether the Court or jury find defendant guilty of burglary in the first or second degree, he will be found guilty of an offense charged in the indictment.

It follows that the Court below erred in pronouncing judgment without first fixing the degree.

Prior to the amendments to the Penal Code above referred to, it happened, perhaps, that those guilty of the less offense, but indicted for the greater, escaped punishment by reason of the evidence leaving a "reasonable doubt" that the crime was committed in the "night time," within the meaning of the statute. It may have been one or the main purpose of the amendments to prevent such failure or delay in the administration of justice. The construction we have given the law will carry that purpose into effect.

The judgment is reversed and the cause remanded, with directions to the County Court to determine the degree of defendant's guilt, as required by sec. 1192 of the Penal Code, and thereupon to pronounce sentence.