[Crim. No. 951. Department One.—November 7, 1902.]

THE PEOPLE, Respondent, v. GEORGE BOXER, and CHARLES SAN DIEGO, Appellants.

CRIMINAL LAW—BURGLARY—POSSESSION OF STOLEN PROPERTY—INSTRUC-TION.—The recent unexplained possession of stolen property, the fruits of burglary, may be considered as a circumstance tend-ing to show guilt, when considered with other suspicious cir-cumstances; but an instruction assuming that the defendants may have received the stolen property into their possession after the burglary was committed by other parties, and making the failure to explain such possession a circumstance tending to show guilt of the crime of burglary, is erroneous.

ID.—PRESUMPTION OF GUILT FROM POSSESSION.—An instruction assum-ing that there may be an inference or definite presumption of guilt of the crime of burglary from the mere unexplained fact of taking the stolen property into personal possession, without any other circumstances indicative of guilt, is erroneous.

APPEAL from a judgment of the Superior Court of Lake County. R. W. Crump, Judge.

The facts are stated in the opinion of the court.

Thomas B. Bond, for Appellants.

U. S. Webb, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and M. S. Sayre, District Attorney, for Respondent.

GAROUTTE, J.—The defendants, two Indians, have been jointly charged, tried, and convicted of the crime of burglary, and now appeal from the judgment. The evidence upon the part of the people tended to show that they entered a certain saloon-building and committed larceny therein by taking therefrom certain personal property, consisting of cigarettes, a bottle of gin, etc. There was also evidence offered by the people tending to show that this property, or a portion of it at least, was found in the possession of one or both of these . defendants a short time after the unlawful breaking and entering is claimed to have occurred.

The court gave the jury the following instruction: "If the jury believe from the evidence, beyond a reasonable doubt, that any of the property mentioned in the evidence was stolen from the premises described in the information and received into possession of either of the defendants shortly after being stolen, the failure of such defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt; and the accused is bound to explain his possession in order to remove the effect of his possession as a circumstance to be considered in connection with other suspicious facts, if the evidence discloses any such." This instruction upon its face is not clear and explicit, but, on the contrary, is quite confusing. At the same time we deem it unsound, as declaring a principle of criminal law. As already stated, the defendants were upon trial, charged with burglary, and that being the case, the mere fact, if it be a fact, that subsequent to the burglary they received the fruits of the crime into their possession cannot be said to be a circumstance tending to show their guilt of the crime of burglary. In cases of larceny the recent unexplained possession of the stolen property is a circumstance tending to show guilt. Probably the same may be said as to the recent unexplained possession of stolen property, the fruits of a burglary, but this instruction assumes that the defendants may have received the stolen property into their possession after the burglary was committed by other parties. It is very evident that nothing which these defendants could do in the way of accepting or holding the possession of the stolen property after the burglary had been committed would tend to prove their guilt of the crime of

burglary. Indeed, the instruction assumes the commission of the burglary by another prior to the possession of the property by these defendants. Under the statement of facts as presented by the instruction, the defendants would not be called upon to show how and by what means they came into possession of the property taken from the building, and the circumstance of possession in them could in no way tend to show their guilt of the crime of burglary.

The court also gave a second instruction as follows: ''To justify the inference of guilt from the facts of possession of stolen property, it must appear that the possession was personal, that it involved a distinct and conscious assertion of possession by the accused, or that he brought them there; and, therefore, a finding of stolen property in the house of either defendant in this case, or apartment, is not a circumstance tending to show guilt against him, unless the house or room be in his exclusive occupation, unless the jury believe from the evidence that he brought it there. If the property were only found lying in a house or room in which the defendant lived jointly with others equally capable of having committed the theft, no definite presumption of guilt can be made, unless the evidence shows that he brought them there.'' This instruction is clearly misleading to the defendants' prejudice. It begins by saying: ''To justify the inference of guilt from the facts of possession of stolen property.'' It may be declared as a principle of law that the mere possession of stolen property by a defendant is not sufficient evidence upon which to justify an ''inference of guilt'' by the jury. There must be other circumstances of evidence besides the recent unexplained possession of stolen property to justify a verdict of guilty, either of burglary or larceny. Again, the instruction concludes, in speaking as to possession of stolen property, by saying: ''No definite presumption of guilt can be made unless the evidence shows that he brought them there.'' As already suggested, evidence of the recent unexplained possession of stolen property, standing alone, is not sufficient to justify a verdict of guilty, even in a case of larceny, and the court is not justified in intimating to the jury that a ''definite presumption of guilt'' could arise upon any such state of facts.

For the foregoing reasons the judgment is reversed and the cause remanded to the trial court.

Harrison, J., and Van Dyke, J., concurred.