[Crim. No. 1084.   Third Appellate District.—August 7, 1929.]

THE PEOPLE, Respondent, v. REUBEN PLUMMER, Appellant.

J. C. Webster for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was charged with the crime of burglary and with a prior conviction of the crime of rape. He entered a plea of not guilty but admitted the prior conviction. He was convicted of burglary in the second degree. This is an appeal from the judgment and the order denying a new trial.

The appellant contends that the evidence is insufficient to justify his conviction. He resided with his mother in the town of Columbia, Tuolumne County. George Wilson, whose wife is a sister of the defendant, resided in the same town. Leo Pense, also a resident of the town, is an acquaintance of the defendant of long standing. Pietro Sanguinetti owns a two-room house about three-fourths of a mile from the town. The house contained some clothing, canned goods and other articles, but was unoccupied by any person. February 17, 1929, some person broke into this house and stole the canned goods, some clothing and other property stored therein. February 19th the defendant went to Murphys, in Cala-

veras County, looking for work. He walked a part of the way and was then given a ride for the remainder of the trip by Wilson, with whom were Pense and others. If the testimony of Wilson and Pense is true, the defendant told Pense, during the forenoon of February 19th, that if Wilson would take him to Murphys, he, the defendant, would give Wilson some canned goods; that on their arrival at Murphys the defendant drew a diagram showing where the canned goods were hidden in an out-of-the-way place near Columbia and stated that they were covered with leaves; that on their return to Columbia during the evening of the same day Wilson and Pense, between 10 and 11 o'clock at night, went on foot to the place designated by the defendant, found the goods hidden there as described by him, placed them in two sacks and started back to Wilson's home, intending to leave the goods there; that before they reached Wilson's home a man accosted them and asked what they had in the sacks; that this question convinced them that the goods had been stolen and that as soon as they reached the Wilson home they placed the goods in an automobile, took them away some distance and hid them in a hole in the ground; covering them with rocks. On their return again to Wilson's home they were arrested and later, during the same night, they informed the sheriff where the goods were hidden.

If the foregoing were all of the testimony, even though sufficient to convict, it would leave a strong suspicion that Wilson and Pense committed the burglary and were endeavoring to escape punishment by making it appear that the defendant had committed it. But the defendant was arrested at the Indian Camp at West Point in Calaveras County on February 28th. In the room he there occupied there was at that time a shirt clearly proved to belong to Sanguinetti, who testified that the shirt was in his house when he left it a few months before the burglary. When the defendant was arrested he enumerated certain articles in the room belonging to him, without mentioning the shirt, saying he had nothing else there. It was satisfactorily shown at the trial that no one else at that place had or claimed the shirt in question and, while it is possible that someone else placed the shirt in the room, the only reasonable inference from the evidence is that the defendant took it there. Wilson and Pense were kept in the county jail at

all times subsequent to their arrest and were still confined therein at the time of the trial.

The evidence shows more than the mere possession of stolen property. The natural inference from defendant's particular description of the place where the canned goods were hidden is that he stole them and secreted them there. The fact that he gave them to Wilson and Pense was an implied assertion that he owned them. Possession of property recently stolen, together with guilty conduct in relation to the property are sufficient to sustain a conviction. (4 Cal. Jur. 742.)

Appellant complains of an instruction given by the court, substantially in the language of the instruction set forth in *People* v. *Alba,* 52 Cal. App. 603, 605 [199 Pac. 894]. It is urged that the instruction contains the same error as the one condemned in *People* v. *Boxer,* 137 Cal. 562, 563 [70 Pac. 671]. The instruction in that case, however, was condemned because it "assumes that the defendants may have received the stolen property into their possession after the burglary was committed by other parties." No such error appears in the instruction complained of in this case. The court refused to give an instruction requested by the defendant relative to the possession of stolen property by a defendant, but the instructions given by the court fully covered the subject matter thereof.

The judgment and the order are affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.