[Crim. No. 2299. Second Appellate District, Division One.—April 3, 1933.]

THE PEOPLE, Respondent, v. CARL R. REYNOLDS, Appellant.

Paonessa, Sayre & Oster for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

YORK, J.—By information the appellant was charged with the crimes of burglary and receiving stolen property, and also with two prior convictions of felonies. Appellant admitted the prior convictions and was found guilty of burglary and not guilty of receiving stolen property.

The errors of which appellant complains are these:

1. Insufficiency of the evidence to justify the verdict for the reason that the *corpus delicti* was not established.

2. Error committed by the trial court in matters of law in the reception of certain evidence.

3. Error of the trial court in giving certain instructions to the jury, and in refusing to give certain instructions tendered by the defendant and not covered by the instructions given.

4. Misconduct of the deputy district attorney in his argument to the jury.

■ It is shown by the record that on June 19, 1932, William J. Steinmetz was living in room 411 of the Hotel Rose at Long Beach, and that he returned to his room at about 12:30 A. M. of June 20th, retired about forty-five minutes later, having first locked the door of his room. Before retiring he took off his wrist watch and laid it upon a table near the telephone, and hung his trousers on a chair. Upon arising at 9 o'clock the next morning, he found the wrist watch missing and also that the sum of $4.85 had been taken from his trousers pocket. He testified that he did not give anyone permission to enter his room that night, and that the watch which he lost was a 17-jewel Hamilton wrist watch with the date of his birthday engraved on the inside of the case. He also testified that the door of his room was still locked in the morning and that the room had not been disturbed.

A 17-jewel Hamilton wrist watch with the date above noted engraved upon the inside of the case was found in appellant's possession at the time of his arrest on July 7, 1932, and was identified by the witness Steinmetz as the watch he had lost. There was introduced in evidence a sheet from the Hotel Rose register purported to have been signed by "C. D. Nolen" upon the date that the burglary took place. An identification sheet which was prepared immediately after the arrest of appellant, and which the witness Slaight testified he saw appellant sign, was also introduced in evidence. A handwriting expert testified that, in his opinion, both documents were signed by one and the same person.

Appellant made conflicting statements to police officers as to how he came into possession of the watch. At one time he said he had bought the watch and would add nothing more to his statement as to where or when he purchased it; at another time he claimed his wife had given it to him for his birthday. Two witnesses testified in behalf of appellant to the effect that they and appellant were standing in front of a garage engaged in conversation when another man approached them to ask directions and the distance to Santa Barbara, and while they were talking, this fourth man asked if anyone wanted to buy a good watch. After some further conversation, the appellant bought the watch—

a 17-jewel Hamilton wrist watch—for $5. While circumstantial, we are of the opinion that the evidence adduced was sufficient to justify the verdict and to establish the *corpus delicti*.

In support of his second specification of error, appellant maintains that the hotel register was inadmissible for the reason that no proper foundation for its reception was made, in that the record does not disclose the date of same. The sheet from the register is before us and shows that one C. D. Nolen registered at the Rose Hotel at 9:15 P. M. of Sunday, June 19, 1932.

The appellant contends that the giving of the instruction of which the closing paragraph reads as follows: "If the jury believe from the evidence, the property mentioned in evidence, was stolen from the premises described in evidence, and was seen in the possession of the defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, and accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence disclose any such," constituted prejudicial error. In the case of *People* v. *Boxer*, 137 Cal. 562 [70 Pac. 671], wherein the defendants were convicted of burglary, an instruction was given in the same language as that given here, except that in the Boxer case instead of the phrase "was *seen* in the possession of the defendant shortly after being stolen", the language used was, *"received* into possession of either of the defendants shortly after being stolen". Appellant here relies upon that decision to sustain his claim that the instruction was erroneous. It should be kept in mind, however, that the Supreme Court in its discussion of the subject directed its criticism particularly to the fact that the instruction specified as one of its conditions a finding that the property was not received by the defendants until after it had been stolen. In *People* v. *Boxer, supra,* the court stated (p. 563): "As already stated, the defendants were upon trial, charged with burglary, and that being the case, the mere fact, if it be a fact, that subsequent to the burglary they received the fruits of the crime into their possession cannot be said to be a cir-

cumstance tending to show their guilt of the crime of burglary. In cases of larceny the recent unexplained possession of the stolen property is a circumstance tending to show guilt. Probably the same may be said as to the recent unexplained possession of stolen property, the fruits of a burglary, but this instruction assumes that the defendants may have received the stolen property into their possession after the burglary was committed by other parties. It is very evident that nothing which these defendants could do in the way of accepting or holding the possession of the stolen property after the burglary had been committed would tend to prove their guilt of the crime of burglary. Indeed, the instruction assumes the commission of the burglary by another prior to the possession of the property by these defendants. Under the statement of facts as presented by the instruction, the defendants would not be called upon to show how and by what means they came into possession of the property taken from the building, and the circumstance of possession in them could in no way tend to show their guilt of the crime of burglary.'' In the instant case we do not believe that there was any prejudicial error committed in the giving of the instruction complained of. However, it is not to be recommended as an instruction to be given in an information charging the two offenses as set out in the information in this case.

In *People* v. *Alba,* 52 Cal. App. 603 [199 Pac. 894], there is a discussion of the instruction as given in the same language as in the case at bar. In affirming the correctness of the instruction the court stated that instructions in almost identical language and containing a statement of the same legal principle have been approved in many California cases, and the citations of some of them are given. No reference is made to *People* v. *Boxer, supra.* The same instruction was again before the Third District Court of Appeal in *People* v. *Plummer,* 100 Cal. App. 300 [279 Pac. 836, 837], and was there disposed of as follows: ''Appellant complains of an instruction given by the court, substantially in the language of the instruction set forth in *People* v. *Alba,* 52 Cal. App. 603, 605 [199 Pac. 894]. It is urged that the instruction contains the same error as the one condemned in *People* v. *Boxer,* 137 Cal. 562, 563 [70 Pac. 671]. The instruction in that case, however, was condemned be-

cause it 'assumes that the defendants may have received the stolen property into their possession after the burglary was committed by other parties'. No such error appears in the instruction complained of in this case.'' Our conclusion is that the court did not err in giving the instruction of which appellant complains, although we doubt the advisability of giving instructions of this character, which run perhaps too close to the line which limits the right of the trial judge to comment to the jury with respect to matters of fact. ■ There is no merit in the suggestion that the instruction told the jury that the defendant must take the stand in his own defense. The explanation referred to might be made in other ways, and in fact the defendant in this case actually placed two witnesses on the stand in an attempt to make such explanation.

■ Appellant also specifies as error the refusal of the court to give an instruction on the law pertaining to alibis. Appellant offered no evidence to prove the defense of an alibi, and therefore it was not error for the court to refuse to give the instruction referred to.

■ We have checked the record and are unable to see wherein the remarks of the deputy district attorney constituted prejudicial misconduct.

The judgment is affirmed. The order denying motion for a new trial is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 17, 1933, and an application by appellant to have the cause heard· in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 1, 1933.