[Crim. No. 2319. Second Appellate District, Division One.—January 26, 1934.]

THE PEOPLE, Respondent, v. C. K. LEWIS et al., Defendants; A. B. CRIST, Appellant.

Robert H. Patton for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of conspiracy to commit burglary; also from each of three judgments of conviction of the crime of burglary in the second degree, as well as from an order by which his motion for a new trial, which related to each of such respective convictions, was denied.

It is first contended that "the corroborative testimony fails to connect the appellant A. B. Crist with the conspiracy charged";—the point being that, although the testimony given by an accomplice in the alleged crime implicated the appellant, the corroborating evidence failed to measure up to the requirements of section 1111 of the Penal Code, which, as far as is pertinent herein, provides that "a conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. . . . "

As hereinbefore has been indicated, the crime of conspiracy arose out of an alleged agreement or understanding that existed between defendant and his accomplice to com-

mit the crime or crimes of burglary by feloniously entering a warehouse and stealing therefrom certain tools and equipment ordinarily used in the drilling or operation of an oil-well, and thereafter, upon the sale of such stolen articles, to divide between them the proceeds thereof. The corroborating evidence includes testimony from which it readily may be inferred that on each of the several occasions when a burglary was committed, defendant accompanied his accomplice in an automobile to or near the warehouse that was burglarized; and that shortly preceding the date when at least one of such burglaries was committed, he solicited and received from a third person an order for specified tools and equipment which defendant and his accomplice delivered to the purchaser thereof on the day following the date when the articles were stolen. Without adverting to other facts which also were introduced in evidence and which tended to corroborate the testimony given by the accomplice, we entertain no doubt but that the facts to which attention has been directed were sufficient to meet and to overcome the objection herein interposed by appellant.

Insufficiency of evidence to corroborate the accomplice also is specified with regard to each of the three counts of burglary of which defendant was convicted.

The first of such crimes was the one to which reference hereinbefore has been had in the conspiracy count, wherein, more specifically, the evidence disclosed that on a specified Wednesday a sale by defendant of certain merchandise was made, to be delivered on the following Monday. In the course of the negotiations for such sale, defendant said he could "buy this stuff at one-half price", and that the reason for its proposed belated delivery was that "the supply store could not get the stuff on account of its being a holiday; . . . a Bohemian holiday. . . . " He also said that he was buying it at a "bankrupt sale". The delivery of the stolen merchandise was made in an automobile which was driven by defendant, at which time he was accompanied by the accomplice. We are of the opinion that such independent evidence supplied the necessary corroboration of the testimony given by the accomplice.

With regard to the second of the burglaries of which defendant was convicted, the evidence that corroborated the

testimony given by the accomplice consisted of a sale by defendant of the stolen articles on the day following the date on which the burglary was committed; that in making delivery of such merchandise defendant drove a Ford coupe, although he usually drove a Chrysler automobile; and it was shown that the accomplice was the owner of a Ford coupe. In substance, a private detective testified that on the night when the burglary was committed he was "trailing" the defendant and his accomplice; that about 8:30 o'clock on said evening he had parked his automobile near the warehouse which was burglarized, and at that time he saw the accomplice "coming through the weeds", away from the warehouse; that the accomplice "climbed" into a Ford coupe which was parked near by, which coupe at that time was occupied by defendant; that thereupon defendant and his accomplice drove into the yard of the warehouse and the lights on the coupe were turned out; that defendant and the accomplice occupied that position for not over two or three minutes, at the expiration of which time they drove away; that they then drove into a truck yard, turned out the lights on the coupe, remained there for a few minutes, and then rapidly drove away again. From such testimony it would seem clear that the evidence adduced on the trial *tended* "to connect the defendant with the commission of the offense". (Sec. 1111, Pen. Code.)

As to the third of such burglaries which here is the subject of inquiry, from the evidence it appears that the accomplice was arrested while in the commission of the offense. On the trial of the action his testimony implicated defendant. Of course, no sale of the stolen merchandise was made. However, a detective testified that on the evening on which the burglary occurred, at first he saw defendant in a Chrysler automobile accompanied by someone, in close proximity to the warehouse that was burglarized. Shortly thereafter a Chrysler automobile was parked within one-half block of the warehouse; that a man got out of the Chrysler automobile; that a moment later lights appeared in the windows of the warehouse; that as soon as such lights appeared the Chrysler automobile in which the accomplice and the other man had been riding was driven away; that the person in the Chrysler automobile was, or appeared to be, defendant; and that immediately after the

lights appeared in the warehouse the accomplice, accompanied by two other men who had arrested him, appeared in the doorway of such warehouse. Considering such circumstances, this court is of the opinion that, under the provisions of section 1111 of the Penal Code, the corroboration of the testimony given by the accomplice was sufficient.

It is next urged by appellant that "the court prejudicially erred in instructing the jury that a verdict of guilty should be returned if the jury found from the evidence beyond a reasonable doubt that the defendants committed the crimes charged, without qualifying that instruction to the effect that the testimony of the accomplice required corroboration under the law".

But from the record it appears that neither of the defendants requested of the trial court either that a separate instruction be given in accord with the suggestion here presented, or that the instruction that was given to the jury be modified in such particular.

In this state the law appears to be fairly well settled that where on appeal an appellant raises a question such as is here presented to the court for its consideration, and from the transcript on appeal it appears that on the trial of the action the defendant made no request for an appropriate instruction in that regard, he is in no position to assign the failure to give such an instruction as reversible error. (*People* v. *Tobin*, 39 Cal. App. 76 [179 Pac. 443]; *People* v. *Yates*, 71 Cal. App. 788 [236 Pac. 185]; *People* v. *Casey*, 79 Cal. App. 295 [249 Pac. 525]; *People* v. *Olds*, 86 Cal. App. 130 [260 Pac. 321].)

It would therefore seem to follow that the point here presented by appellant is untenable.

Prejudicial error is predicated upon the fact that, at the request of the People, the trial court in effect instructed the jury that the possession by defendant, soon after the date of the burglary, of the property alleged to have been stolen was a circumstance of which the jury was entitled to take notice;—his point in that connection being that, since such stolen property "was admittedly received by defendant from a third party, the original larcenous taker thereof", —such a possession, at such a time, did not constitute any evidence of the guilt of defendant; citing *People* v. *Boxer*, 137 Cal. 562 [70 Pac. 671]. But in distinguishing the facts

of the cited case from those presented herein, it may be noted that the evidence in the instant case is not that the stolen property came into the possession of defendant *after* the burglary was committed; to the contrary, in effect it is that defendant was an active participant with the accomplice in perpetrating the offense, and that defendant assisted in transporting the stolen property from the place where it was stolen. Besides, specific language in the cited authority indicates the correctness of the instant instruction. In part, it is there said: "In cases of larceny the recent unexplained possession of the stolen property is a circumstance tending to show guilt. Probably the same may be said as to recent unexplained possession of stolen property, the fruits of a burglary, but this instruction assumes that the defendants may have received the stolen property into their possession after the burglary was committed by other parties. . . . " (See discussion of *People* v. *Boxer, supra,* in *People* v. *Reynolds,* 130 Cal. App. 754, 757 [20 Pac. (2d) 952].) We conclude that the point presented by appellant cannot be sustained.

Appellant complains because the trial court gave to the jury an instruction substantially in the language of sections 459, 460 and 463 of the Penal Code, which included a definition of burglary in the first degree. His point is that no evidence was introduced which would justify a verdict of burglary in the first degree. However, since the record shows that at least one of the burglaries was committed at about 8:30 o'clock in the evening, and since by the terms of section 463 of the Penal Code any burglary committed between sunset and sunrise is committed in the night-time; and by the provisions of section 460 of the Penal Code a burglary committed in the night-time is of the first degree; it would seem that under the rule of knowledge of the court, or "judicial notice" (subd. 8, sec. 1875, Code Civ. Proc.), the trial court was authorized to take notice of the fact that at 8:30 o'clock P. M. the sun had set, and consequently that the burglary was committed in the night-time; of which fact no direct evidence was necessary. (10 Cal. Jur. 720, and authorities there cited; *People* v. *Girotti,* 67 Cal. App. 399 [227 Pac. 936]; *Fouch* v. *Werner,* 99 Cal. App. 557 [279 Pac. 183].) Moreover, on the hearing of the motion for a new trial, as to each of

the counts on which defendant was convicted, the trial court in effect reduced the verdict of the jury from first degree burglary and rendered judgment against defendant as for second degree burglary only. So that, in any event, appellant has no just cause for complaint.

It is ordered that the several judgments, and the order by which defendant was denied a new trial, be, and they are, affirmed.

Conrey, P. J., and York, J., concurred.