[Crim. No. 1596. Third Appellate District.—December 10, 1937.]

In the Matter of the Application of C. L. HAMMOND for a Writ of Habeas Corpus.

Horace F. Frye and S. W. Green for Petitioner.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The application of the above-named petitioner for a writ of *habeas corpus* has been heard and the cause submitted for our consideration. The petition shows that on or about the 7th day of May, 1917, an information was filed in the Superior Court of Fresno County, charging that the petitioner and one other did, on or about the 30th day of March, 1917, in the county of Fresno, state of California, wilfully, unlawfully, feloniously and with premeditation and malice aforethought, kill and murder Faustin Lassare, a human being.

Upon being arraigned the petitioner, in the first instance, entered a plea of not guilty, but on or about the 7th day of June, 1917, thereafter withdrew his plea of not guilty, and entered a plea of guilty, whereupon sentence was thereupon pronouncing upon the petitioner, ordering and decreeing that the petitioner be confined in the state prison at Folsom for the period of his natural life. While the facts of the case appear to have been presented to the court by a statement of the district attorney, the court made no determination of the degree of the offense as required by section 1192 of the Penal Code.

The petitioner prays that he be discharged by reason of the failure of the court to take the proceedings specified in section 1192, *supra*.

There is no question but that the judgment fails to disclose the degree of the crime. The judgment, however, is not void, and the petitioner is not entitled to a discharge.

A like question has been before the court in a number of cases which we will hereafter simply cite without making extended quotations therefrom. A number of the cases discuss the question as to what shall be expressed in a judgment where a crime committed by a defendant is divisible into degrees. Our conclusions arrived at from a study of the several cases in that the judgment need only indicate that the court has fixed the degree of the crime prior to the pronouncing of judgment, and no particular or formal language is required.

In the case of *People* v. *Paraskevopolis,* 42 Cal. App. 325 [183 Pac. 585] (a leading case where the question now before us was under consideration), the court said: "We are not, however, to be understood as holding that the voluntary admission by the defendant, whether in the form of a mere

statement or in that of a plea to the charge, that he is guilty of a particular degree of a crime divided into degrees, will not constitute a sufficient evidentiary predicate for the determination by the court of the degree. But, even in such case, there must nevertheless be a determination by the court of the degree. In brief, there must be such a determination regardless of the character or nature of the evidence by which the fact is ascertained.'' The defendant in that case was charged with the crime of murder. The court failed to follow the provisions of section 1192, *supra,* and the judgment was reversed. In that case the defendant entered a plea of guilty, just as in the present case. Since the decision in the above-named case a somewhat similar question has been presented and considered, and the judgments were not reversed.

In *People* v. *Stratton,* 133 Cal. App. 309 [24 Pac. (2d) 174], the cause was before this court upon an appeal. There, the degree of the offense was not determined by the court before passing judgment. The judgment was not reversed, but the cause was remanded to the trial court to proceed in accordance with section 1192, *supra.*

In the case of *In re Stroff,* 132 Cal. App. 351 [22 Pac. (2d) 770], the court holding that a judgment was defective by reason of failure of the court to find the degree of the offense, remanded the cause to the trial court in order that proceedings might be had in accordance with section 1192, *supra.*

A number of other cases might be cited, but the foregoing, and the cases cited in the opinions are sufficient to support the procedure adopted in all instances where a judgment appears to be defective by reason of the failure of the court to comply with the provisions of section 1192, *supra.* However, we may also call attention to the more recent case of *People* v. *Bayne,* 136 Cal. App. 341 [28 Pac. (2d) 1068], where numerous decisions upholding the rule above stated are cited. Hearing in this case was denied by the Supreme Court on February 21, 1934. .

█ That there are sufficient facts disclosed by the record, including the information and the plea of the petitioner, to justify the trial court in fixing the degree of the offense, does not obviate the requirement of the code that such degree must be fixed prior to the pronouncing of sentence.

The point is also made by the People that the petitioner is not disadvantaged in any particular by reason of the failure of the court to find the degree of the offense. However, this cannot be determined by appellate court. If the trial court should fix the degree of the offense as murder in the second degree, the question is presented for consideration, is the petitioner in a better position to ask for favorable action by the board of prison terms and paroles than if the offense is determined by the trial court to be murder in the first degree?

Parenthetically we may add that if the statement of the district attorney which appears in the record is found to be a true statement of the facts by the trial court, a much severer penalty might be awarded than that fixed by the court, of which petitioner now complains. This, however, is the petitioner's peril and not ours.

The writ is discharged and the prisoner is remanded with direction to the warden of Folsom state prison to deliver the petitioner into the custody of the sheriff of Fresno County at a time to be fixed by the superior court of that county, without unnecessary delay, for the purpose of allowing the department of said court having charge of criminal cases to ascertain and fix a degree of the offense of which the defendant has pleaded guilty, and thereupon pronouncing such sentence upon the petitioner as may appear to said court to be just and proper, and order the return of the petitioner to the warden of the Folsom state prison, to be there held in execution of the judgment that may be so pronounced upon the petitioner.

Pullen, P. J., and Thompson, J., concurred.