[Crim. No. 6025.   Second Dist., Div. Three.   Dec. 23, 1957.]

THE PEOPLE, Respondent, v. ELMER VERLON HELM, Appellant.

Gerald J. Levie for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

VALLÉE, J.—By information defendant was accused of burglary.   Trial by jury was waived.   Defendant was found

guilty. Immediately after pronouncing judgment sentencing defendant to state prison, the court fixed the degree of the offense as burglary of the first degree. Defendant appeals from the judgment.

In the evening of February 13, 1957, Agnes Harvey was in her home at 3131 Broadway, Walnut Park. Between 7:30 and 7:45 she saw defendant, a stranger, coming out of the kitchen with her purse in his hand. Her husband and a daughter were in the house at the time. Defendant ran out of the back door with the purse. Mrs. Harvey ran after him. Defendant ran up the street, then between some houses, and disappeared. He had parked his car a few houses from the Harvey home. About 10:30 p. m. that evening he returned for the car and was arrested.

Defendant concedes the evidence is sufficient to support the finding of burglary of an inhabited dwelling-house. He asserts the evidence is insufficient to support the finding that the burglary was of the first degree. Every burglary of an inhabited dwelling in the nighttime is burglary of the first degree. (Pen. Code, § 460.) The phrase "night-time" means the period between sunset and sunrise. (Pen. Code, § 463.) Mrs. Harvey testified it was dark between 7:30 and 7:45 on February 13, 1957; the lights in the house and in the patio were on; the street lights were on. As she ran out of the house Mr. Wright, a neighbor, was backing out of his driveway with his car lights on. He heard a woman screaming and yelling; he could not "tell in the darkness who it was." Mr. Wright testified the man was running "that night." An occupant of the house next to the driveway through which defendant ran and who saw defendant testified there was a bright moon at the time just before 8 o'clock. The court was warranted in inferring from this evidence that the burglary occurred after sunset. (*People* v. *Mendoza,* 17 Cal.App. 157, 159 [118 P. 964].) Also the trial court was authorized to take judicial notice that the sun set at 5:35 p. m. on February 13, 1957, and consequently that the burglary was committed in the nighttime. (*People* v. *Mayes,* 113 Cal. 618, 625 [45 P. 860]; *People* v. *Girotti,* 67 Cal.App. 399, 401 [227 P. 936]; *Fouch* v. *Werner,* 99 Cal.App. 557, 562 [279 P. 183]; *People* v. *Masters,* 133 Cal.App. 167, 170 [23 P.2d 774]; *People* v. *Lewis,* 136 Cal.App. 405, 410 [29 P.2d 305].)

As previously stated, the court fixed the degree of the burglary as of the first degree immediately following pronouncement of judgment. It is claimed the court committed

prejudicial error in failing to determine the degree before pronouncing judgment, and that having failed to do so the burglary can be of the second degree only. Penal Code, section 1192, provides:

"Upon a plea of guilty, or upon conviction by the court without a jury, of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree. Upon the failure of the court to so determine, the degree of the crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

Defendant says the statute is mandatory and that failure to observe the mandate compels a reversal. He cites *People* v. *Jefferson*, 52 Cal. 452, *People* v. *Chew Lan Ong*, 141 Cal. 550 [75 P. 186, 99 Am.St.Rep. 88], *People* v. *Bellon*, 180 Cal. 706 [182 P. 420], and *People* v. *Paraskevopolis*, 42 Cal.App. 325 [183 P. 585]. In *People* v. *Jefferson, supra*, 52 Cal. 452, the court pronounced judgment without determining the degree of the offense. It did not at any time determine the degree. It was held the court erred in pronouncing judgment without first fixing the degree. The judgment was reversed with directions to determine the degree and thereupon "to pronounce sentence." (*People* v. *Chew Lan Ong, supra*, 141 Cal. 550, merely held that section 1192 is constitutional. In *People* v. *Bellon, supra*, 180 Cal. 706, the court determined the degree of the offense before pronouncing judgment. The question on review was whether the evidence supported the finding as to the degree. In *People* v. *Paraskevopolis, supra*, 42 Cal.App. 325, the defendant pleaded guilty to murder of the first degree. Without taking evidence for the purpose of determining the degree, the court pronounced judgment. It was held that notwithstanding the fact the defendant had pleaded guilty to murder of the first degree, the trial court erred in not determining the degree. Referring to section 1192, the court said (p. 328):

"As above stated, the language of the section is mandatory, and in the very nature of the circumstances should be, since the degree of the crime of which an accused is guilty in those cases where the crime charged is divided into degrees is essentially one of fact, to be found by the jury, of course, upon the evidence adduced before them, where there has been no plea of guilty, and necessarily by the court where there is entered by the defendant such a plea."

That case was one in which the court did not determine the degree at all. Here we have a different case. In our case the

court did determine the degree immediately following pronouncement of judgment. The error was in not doing so before pronouncing judgment.

*People* v. *O'Brien*, 122 Cal.App. 147 [9 P.2d 902], is factually like the case at bar and directly in point. The determination of the degree of the offense occurred after, instead of before, judgment was pronounced. The court held (p. 157):

"Although by the terms of section 1192 of the Penal Code 'the court must, before passing sentence, determine the degree,' considering the fact as shown by the record herein that the passing of sentence and the determination of the degree of the offense occurred practically simultaneously, we fail to see how or in what manner defendant could have been injured by the reversal in point of actual seconds of time of the two respective elements of procedure."

Defendant says the later case of *In re Hammond,* 24 Cal. App.2d 18 [74 P.2d 308], should control. But in Hammond the court failed entirely to determine the degree. Consequently, on habeas corpus the trial court was directed to ascertain and fix the degree and thereupon pronounce sentence. That is not this case.

To uphold defendant's contention would do violence to section 1404 of the Penal Code which reads:

"Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

We fail to see how defendant was in any way prejudiced "by reversal in point of actual seconds of time of the two respective elements or procedure." (*People* v. *O'Brien*, 122 Cal.App. 147, 158 [9 P.2d 902].) Furthermore, the judgment as entered states that the court found the burglary to be of the first degree.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.