[Crim. No. 3188.   Third Dist.   Sept. 13, 1961.]

THE PEOPLE, Respondent, v. HOWARD McCOY et al., Defendants; RAY LA RUE, Appellant.

Ray La Rue, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Raymond Momboisse and Richard Lee, Deputy Attorneys General, for Respondent.

PEEK, J.—By information, appellant La Rue and his co-defendant, one McCoy, were accused of burglary in violation of section 459 of the Penal Code. Upon arraignment, appellant waived his right of counsel and entered a plea of guilty to the crime as charged. Probation was denied, judgment of conviction was pronounced, and appellant was sentenced to state prison for the term prescribed by law. On the afternoon of the same day, court reconvened to determine the degree of the crime. Upon the sole testimony of McCoy, the crime was determined to be burglary in the first degree.

Appellant, who appeals on his own behalf, appears to make three contentions. First, that before entering a plea of guilty to a crime divided into degrees, the degree must first be determined and hence, the court committed prejudicial error when it pronounced judgment prior to the determination of the degree of the offense; second, that the evidence was insufficient to support a finding that the crime was burglary in the first degree; and third, that he was under the belief that he was pleading guilty to burglary in the second degree.

Under the procedure prescribed by section 1192 of the Penal Code where, as here, there has been a plea of guilty to a crime divided into degrees, "the court must, before passing sentence, determine the degree. Upon the failure of the court to so determine, the degree of the crime of which the defendant is guilty, shall be deemed to be of the lesser degree." In *People* v. *Helm*, 156 Cal.App.2d 343 [319 P.2d 644], a similar situation was presented, the only difference being that in the present case sentence was pronounced during the morning session and the degree was not established until the afternoon session, while in the *Helm* case the court fixed the degree immediately after pronouncing judgment and sentencing the defendant.

In the cited case the court specifically noted that to uphold the defendant's contention would do violence to section 1404 of the Penal Code, which reads: "Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right." Here, as in the *Helm* case, we fail to see how defendant was in any way prejudiced by the procedure followed by the trial court, nor does defendant himself set forth anything either showing or tending to show that he was prejudiced.

■ Appellant's second contention is equally devoid of merit. He was properly charged with the crime of burglary as defined in Penal Code, section 459 in the form authorized by sections 739, 950, and 951. (*People* v. *Atchley,* 132 Cal. App.2d 444 [282 P.2d 160].) Defendant's bold statement that he thought he was pleading to burglary in the second degree, without other support, is not persuasive.

■ The sole argument in support of defendant's final contention that the evidence was insufficient to support the judgment is that his codefendant, when asked if he and appellant burglarized the California Fruit Exchange on or about November 22, 1960, answered, "Yes." It is true that the information charged the offense to have been committed on or about the 16th day of November and that on November 22, 1960, the date designated by the district attorney, the defendant was then in the custody of the sheriff. Certainly, under the record presented, there was no question but that all parties were considering the burglary of the fruit exchange and that the misstatement of the date was not of sufficient importance to render the evidence insufficient to sustain the conviction.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.