[Crim. No. 14504.   Second Dist., Div. Four.   Dec. 19, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. HOWARD ELLIOTT ARMSTRONG, Defendant and Appellant.

Gilbert F. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with a violation of Penal Code, section 261, subdivision 3, in count I, and a violation of Penal Code, section 288a in count II. Prior convictions were alleged and admitted. Defendant pled not guilty. Defendant was tried by a jury and found guilty on both counts. He was sentenced to state prison on each count. He filed a notice of appeal in propria persona.[1]

The victim was at a laundromat on July 20, 1967, washing clothes. She had her three-week old baby with her. Defendant entered, approached the victim and told her that she must make love to him or he would rape her. The victim tried to get away, defendant threatened to strike her and he forced her to the floor. He then forced the victim to commit an act in violation of Penal Code, section 288a, and then defendant had sexual intercourse with the victim. During the entire occurrence the victim was fearful for the safety of herself and her child.

The laundromat was well lighted and the victim could identify her attacker.

The victim returned home, her landlady called the police and at the hospital Dr. Field took a vaginal smear which he found to contain human spermatozoa. Dr. Field also noted a superficial vaginal tear and bruised tissue.

Two days after the incident the victim identified defendant at a police lineup.

Mr. Hunter testified that he observed defendant in the Rendezvous Bar (which is located near the scene of the attack) at approximately 8:30 or 9 p.m., the evening of the attack. Mr. Hunter also stated that the victim entered the Rendezvous Bar the same evening, looking for her husband.

Defendant argues that he was denied counsel at the lineup and that he was sentenced in violation of Penal Code, section 654.

---

[1]Defendant's hand-printed, propria persona, notice of appeal expresses only his desire to "prosecute his appeal herein." Pursuant to rule 31(b) of the California Rules of Court, we treat it as a notice of appeal from the judgment.

## I

■ Defendant claims that he was denied the right to counsel at the police lineup, and that he was entitled to counsel by virtue of the rule of *United States* v. *Wade* (1967) 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926], and *Gilbert* v. *California* (1967) 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951]. The prosecutrix identified defendant in a lineup in October of 1967, about four full months after the decisions in *Wade* and *Gilbert.* Defendant made no objection at the trial to his lack of counsel at the lineup. Although a defendant need not object to an unannounced constitutional privilege (*People* v. *Hillery* (1967) 62 Cal.2d 692, 711 [44 Cal.Rptr. 30, 401 P.2d 382]), it is well settled that the admissibility of evidence will not otherwise be reviewed at the appellate stage in the absence of an objection at the trial. (*People* v. *Robinson* (1965) 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834]; *People* v. *Kitchens* (1956) 46 Cal.2d 260, 263 [294 P.2d 17].) Since defendant failed to object to an already announced constitutional principle he cannot now complain on appeal of his lack of counsel at the lineup.

## II

■ Defendant asserts that he was subjected to double punishment in violation of Penal Code, section 654. Defendant argues that the rape and oral copulation were a continuous course of conduct and therefore they could not be punished more than once. If a course of criminal conduct causes commission of more than one offense, each of which can be committed without committing any other, the applicability of section 654 will depend on whether a separate and distinct act can be established as the basis of each conviction, or whether a single act has been so committed that more than one statute has been violated. (*Neal* v. *State of California* (1960) 55 Cal. 2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].) We believe that in the case at bench the forcible rape and oral copulation were two separate and distinct acts and therefore are punishable separately.

Defendant cites the case of *People* v. *Brown* (1961) 198 Cal.App.2d 253, 266 [17 Cal.Rptr. 884], to support his view that the two offenses are part of one transaction. The *Brown* case lends no support to defendant's argument. Defendant in the *Brown* case was convicted of assault, rape, a violation of 288a, and robbery. In reversing the judgment the appellate court held that the trial court erred in holding defendant

guilty of assault in addition to the other offenses charged, since the force and violence of the assault were means of accomplishing the rape and the violation of Penal Code, section 288a. Thus, the *Brown* case not only fails to support defendant, it impliedly supports the view that the rape and oral copulation were separate and distinct acts, since the *Brown* court says nothing one way or the other on the issue of whether the oral copulation and the rape were separately punishable.

Cases on the issue of double punishment for oral copulation and sodomy are relevant, and analogous to the case before us. In *People* v. *Gomez* (1967) 252 Cal.App.2d 844 [60 Cal.Rptr. 881], and *People* v. *Hicks* (1965) 63 Cal.2d 764, 766 [48 Cal. Rptr. 139, 408 P.2d 747], the appellate courts held that Penal Code, section 654, does not prohibit punishment for Penal Code, section 288a (oral copulation) and Penal Code, section 286 (sodomy) since these offenses involve separate and distinct acts. We hold there was no error in sentencing for both forcible rape and for oral copulation.

The judgment is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.