[Crim. No. 15157.   Second Dist., Div. Four.   Mar. 20, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. MACK ZEE DAVIS, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward Duddy, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with a violation of Penal Code, section 211, robbery. Defendant pled not guilty; jury trial was waived; defendant was found guilty; by stipulation of all counsel, determination of the degree of the crime was postponed to the probation and sentencing hearing. For purposes of sentencing, a polygraph test of defendant was ordered. Probation was denied. The offense was fixed at first degree robbery and defendant was sentenced to state prison for the term prescribed by law. The appeal is from the judgment.

Dorman Stapp, a route salesman for a baking company, was returning to his truck from making a delivery when a man approached and said, "Can I have it?" Mr. Stapp inquired what the man had said, and the man repeated, "Can I have it?" showing a revolver. Mr. Stapp gave the man between $105 and $109 and the man fled on foot with another man. Mr. Stapp identified defendant as the armed robber in a lineup three days later, and he also identified him at the trial.

Defendant and two witnesses testified that defendant was in Huntington Park at the time the robbery occurred.

I

It is not (and could not) be contended that, if the identification testimony was properly admitted, the evidence does not support the finding of guilt and of degree.

■ Defendant complains that counsel was not present during the police lineup. Defendant's counsel below failed to object to the lineup procedure, the lineup and trial in the instant case took place several months after the Supreme Court's decisions on the presence of counsel at the lineup. (*United States* v. *Wade* (1967) 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926]; *Gilbert* v. *California* (1967) 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951]; see also *People* v. *Feggans* (1967) 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21].) Having failed to object, he cannot raise the issue now. (*People* v. *Armstrong* (1968) 268 Cal.App.2d 324, 326 [74 Cal. Rptr. 37].) Further, the attorney below stipulated that there was no issue as to the constitutionality of the lineup procedure. Where a party stipulates to the lack of an issue, he cannot raise that issue on appeal. (*People* v. *Tedesco* (1934) 1 Cal.2d 211, 220 [34 P.2d 467].)

II

■ Counsel on appeal argues that defendant was not properly represented by counsel since counsel failed to object

844

to the lineup procedure. (See *People* v. *Ibarra* (1963) 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487].) ▮ The choice of when to object or not is inherently a matter of trial tactics not ordinarily reviewable on appeal; failure to object does not necessarily indicate incompetence. (*People* v. *Garrison* (1966) 246 Cal.App.2d 343, 350-351 [54 Cal.Rptr. 731].) ▮ We cannot say that, in the case at bench, the decision not to object to the lineup procedure was not a legitimate tactical decision.

### III

▮ Defendant argues that he was denied the presence of counsel during the polygraph test, and that he was entitled to counsel during all stages of the proceedings. ▮ Normally, the results of polygraph tests are not admissible but the defendant may stipulate to the taking of the test and the admission into evidence of its results. (See *People* v. *Houser* (1948) 85 Cal.App.2d 686, 694 [193 P.2d 937]; 29 Am.Jur.2d, § 831, p. 923.) ▮ In the case at bench defendant's counsel stipulated that defendant would submit to a lie detector test, and also that the results could be received into evidence for the purpose of sentencing. Defendant cannot on appeal question the propriety of the trial court's consideration of evidence which he specifically requested it to review. (*People* v. *Washington* (1962) 204 Cal.App.2d 206 [22 Cal. Rptr. 185].)

### IV

▮ Defendant argues that it was error for the court to postpone determination of the degree of the offense until the probation hearing, rather than at the time the finding of guilt of robbery was made. He contends that the language of section 1167 of the Penal Code[1] requires that the degree be determined at the earlier date. Having expressly stipulated to the postponement, defendant is in no position to complain here. ▮ In any event, section 1192, which deals specifically with the time of determination of degree, requires only that it be done "before passing sentence."[2] Section 1192

---

[1]Penal Code, section 1167, reads: "When a jury trial is waived, the judge or justice before whom the trial is had shall, at the conclusion thereof, announce his findings upon the issues of fact, which shall be in substantially the form prescribed for the general verdict of a jury and shall be entered upon the minutes."

[2]Penal Code, section 1192, reads in part, as follows: "Upon a plea of guilty, or upon conviction by the court without a jury, of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree."

being the more specific provision, would control over any contrary implication that could be drawn from the general language of section 1167.[3] ▮ Of course, the determination of degree must be based on the evidence at the trial and not on the probation report.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

[3]In *People* v. *Helm* (1957) 156 Cal.App.2d 343 [319 P.2d 644], it was held that, absent some showing of prejudice, there was no reversible error even where the degree was fixed immediately after rather than before the pronouncement of sentence.