[Crim. No. 7439.    First Dist., Div. Three.    June 6, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN G. HATFIELD et al., Defendants and Appellants.

LeRue Grim for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Timothy G. Laddish, Deputy Attorneys General, for Plaintiff and Respondent.

CALDECOTT, J.—Defendants each appeal from a judgment of conviction entered on jury verdict finding them guilty of robbery, a violation of Penal Code section 211.

On December 9, 1967, Miss Ingeborg Shewerdge was working in a bakery in San Francisco. At about 7:30 p.m. appellants Hatfield and Jack entered the store; appellant Jack stood across the counter from Miss Shewerdge and engaged her in conversation concerning doughnuts for a couple of minutes, while appellant Hatfield stood against the end of the counter. Appellant Jack then ordered three doughnuts, and Miss Shewerdge turned around to put them in a bag. As she started to turn back she discovered appellant Hatfield behind her on her side of the counter; she gave a short scream and was about to tell him to get out when she heard a click and looked down to see a gun in appellant Hatfield's hand which was aimed at her. Hatfield told her to open the cash register and Miss Shewerdge complied.

Mrs. Caruso, another sales clerk, returned from her dinner, and was ordered by Hatfield to join them at the cash register. Hatfield then ordered Miss Shewerdge to hand him the money from the register, and as she did so Jack was also taking money out of the register by leaning over the counter from the other side. In all they took $170.83 from the register. Appellants then left the premises.

Miss Shewerdge telephoned the police and gave them a description of the two robbers. About 20 minutes later the two appellants were arrested by the police while attempting to board a bus.

The appellants were searched and a gun similar to the one used in the robbery was found on appellant Hatfield. A further search of appellants revealed that between them they were carrying $171.78 in cash.

A lineup was held on the Monday following the Saturday

evening robbery and arrest. Before the lineup appellants were informed that they had a right to have an attorney present at the lineup, and that if they had no attorney an attorney would be provided. An attorney from the public defender's office was contacted and was present at the lineup to protect appellants' rights. Before the lineup Miss Shewerdge was told she would see six men and that if she saw one who was involved in the robbery she should mark his number on the card provided her. During the lineup she had no further conversation with anyone, and she marked appellants' numbers on her card. Although Jack was the tallest man in the lineup, and objected to this fact, Miss Shewerdge recognized him as soon as he walked on the stage, and stated at trial that her selection of him was not influenced by the fact that there was nobody taller than he in the lineup. When asked after the lineup if there was any question in her mind as to her selections, Miss Shewerdge replied "Absolutely not."

Appellants contend they were denied effective assistance of counsel at the lineup and that evidence of their identification at the lineup by the victim was improperly admitted, citing *United States* v. *Wade*, 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926], and *Gilbert* v. *California*, 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951]. The Attorney General contends that appellants are barred from raising the *Wade-Gilbert* objection for the first time on appeal as they failed to object to the introduction into evidence of the lineup and courtroom identification.

At the trial Miss Shewerdge identified the two appellants as the perpetrators of the crime, and testified that she had also identified the two appellants at the lineup. No objection was raised to this testimony by defense counsel. Miss Shewerdge further identified several photographs of the participants in the lineup, including the appellants. Defense counsel objected to three of these photographs on the ground that the witness was not the proper person to authenticate the photographs. There was no objection to the lineup or to the identification. At a later period in the trial, while a witness, a police officer, was identifying another photograph taken at the lineup showing that Miss Shewerdge and the public defender were present but not showing the appellants, the defense counsel objected "that a foundation sufficient to justify further testimony as to what occurred at the show-up has not been laid." The objection was overruled. Further questions that followed the objection pertained only to the position from which the

photograph was taken, and that one appellant consented to the lineup. The effect of failure to object to evidence of identification at a lineup was discussed by the court in *People* v. *Rodriguez,* 266 Cal.App.2d 766 [72 Cal.Rptr. 310]. The court held that such failure to object by counsel precludes raising the issue of exclusion of such evidence for the first time on appeal. (See also *People* v. *Almengor,* 268 Cal.App.2d 614, 617 [74 Cal.Rptr. 213]; *People* v. *Armstrong,* 268 Cal.App.2d 324, 326 [34 Cal.Rptr. 37]; *People* v. *Davis,* 270 Cal.App.2d 841, 843 [76 Cal.Rptr. 242].)

In view of appellants' failure to object to the evidence concerning the lineup we deem it unnecessary to consider at length the appellants' contention that they were denied effective assistance of counsel. The appellants were advised of their right to counsel, and that if they did not have one, an attorney would be obtained for them. The public defender was notified and was present throughout the lineup. The appellants used the public defender at three subsequent court hearings before obtaining their own private attorney.

In *United States* v. *Wade, supra,* the court emphasized that the appellant was entitled to the presence of counsel at the lineup. This requirement was fulfilled by the public defender's attendance. Appellants here contend that the public defender did not talk to them prior to the lineup, nor did he participate in the conduct of or the selection of the other men in the lineup. None of these objections are requirements of the *Wade* or *Gilbert* cases, and it is not for this court to prescribe how defense counsel should conduct himself at the lineup other than to observe what takes place.

The Attorney General further contends that the *Wade* and *Gilbert* requirement of counsel at the lineup is limited to post-indictment lineups. In the case at bar the lineup occurred 10 days prior to the indictment, but as appellants were adequately represented by counsel, the distinction, if any, is immaterial.

The appellants contend that their forced participation in the lineup violated their right against self-incrimination. This contention is without merit. The Supreme Court in *United States* v. *Wade, supra,* 388 U.S. 218, 221 [18 L.Ed.2d 1149, 1153-1154, 87 S.Ct. 1926], held that the forced participation in a lineup does not of itself violate a defendant's privilege against self-incrimination.

During the course of the trial and following the in-court identification of defendants, Miss Shewerdge testified,

over objection of defense counsel, regarding her description of the robbers that she gave to the police a few minutes after the crime occurred. Appellants contend that such statements were hearsay and inadmissible.

In *People* v. *Gould,* 54 Cal.2d 621, 626 [7 Cal.Rptr. 273, 354 P.2d 865], the court stated: "Evidence of an extrajudicial identification is admissible, not only to corroborate an identification made at the trial [citation] but as independent evidence of identity. Unlike other testimony that cannot be corroborated by proof of prior consistent statements unless it is first impeached [citations], evidence of an extrajudicial identification is admitted regardless of whether the testimonial identification is impeached, because the earlier identification has greater probative value than an identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind. [Citations] . . . The extrajudicial identification tends to connect the defendant with the crime, and the principal danger of admitting hearsay evidence is not present since the witness is available at the trial for cross-examination."

Though the case at bar involves a description rather than identification, the reasoning of the *Gould* case would be equally effective. The statements were properly admitted.

The judgments are affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 30, 1969.